FILED
CLERK, U.S. DISTRICT COURT

OCT 2 6 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NETAIRUS TECHNOLOGIES, LLC, a California limited liability company, | ) Civil Action<br>) Case No. 2:10-cv-03257-GAF-Ex |
| Plaintiff | ) |
| vs. | ) STIPULATION AND |
| APPLE, INC., a California corporation, | ) [PROPOSED] PROTECTIVE<br>) ORDER |
| Defendant. | ) |
| APPLE, INC., a California corporation, | ) |
| Counter-Claimant | ) |
| vs. | ) |
| NETAIRUS TECHNOLOGIES, LLC, a California limited liability company, | ) |
| Counter-Defendant | ) |

# STIPULATION AND [PROPOSED] PROTECTIVE ORDER

WHEREAS, Plaintiff NetAirus Technologies, LLC and Defendant Apple Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of Trade Secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. As used in this Protective Order, the following terms shall have the meanings set forth below.

    (a) "Patent-in-Suit" means U.S. Patent No. 7,103,380, and any other patent asserted in this action, as well as any continuations, continuations-in-part and/or divisionals.

    (b) "Producing Party" means any Party or non-party entity that discloses or produces any Discovery Material in this case.

    (c) "Receiving Party" means any Party who receives Discovery Material from a Producing Party.

    (d) "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.

    (e) "Trade Secret(s)" shall have the meaning set forth in California Civil Code § 3426.1 as follows: "information, including a formula, pattern, compilation, program, device, method, technique, or process that (1) Derives independent economic value, actual or potential, from not

Case 2:10-cv-03257-GAF-E   Document 20                         Page 3 of 20   Page ID #:90

1   being generally known to the public or to other persons who can

2   obtain economic value from its disclosure or use; and (2) Is the

3   subject of efforts that are reasonable under the circumstances to

4   maintain its secrecy."

5   2.   Each Party may designate as confidential for protection under this Order, in

6   whole or in part, any document, information or material that constitutes or

7   includes, in whole or in part, confidential or proprietary information or

8   Trade Secrets of the Party or a Third Party to whom the Party reasonably

9   believes it owes an obligation of confidentiality with respect to such

10   document, information or material ("Protected Material").  Protected

11   Material shall be designated by the Party producing it by affixing a legend or

12   stamp on such document, information or material as follows:

13   "CONFIDENTIAL."  The word "CONFIDENTIAL" shall be placed clearly

14   on each page of the Protected Material (except deposition and hearing

15   transcripts) for which such protection is sought.  For deposition and hearing

16   transcripts, the word "CONFIDENTIAL" shall be placed on the cover page

17   of the transcript (if not already present on the cover page of the transcript

18   when received from the court reporter) by each attorney receiving a copy of

19   the transcript after that attorney receives notice of the designation of some or

20   all of that transcript as "CONFIDENTIAL."

21   3.   Any document produced before issuance of this Order with the designation

22   "Confidential" or "Confidential - Outside Attorneys' Eyes Only" shall

23   receive the same treatment as if designated "RESTRICTED -

24   ATTORNEYS' EYES ONLY" under this Order, unless and until such

25   document is redesignated to have a different classification under this Order.

26   4.   With respect to documents, information or material designated

27   "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or

28   "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED

-3-

1    MATERIAL"),[1] subject to the provisions herein and unless otherwise stated,

2    this Order governs, without limitation:  (a) all documents, electronically

3    stored information, and/or things as defined by the Federal Rules of Civil

4    Procedure; (b) all pretrial, hearing or deposition testimony, or documents

5    marked as exhibits or for identification in depositions and hearings;

6    (c) pretrial pleadings, exhibits to pleadings and other court filings;

7    (d) affidavits; and (e) stipulations.  All copies, reproductions, extracts,

8    digests and complete or partial summaries prepared from any

9    DESIGNATED MATERIALS shall also be considered DESIGNATED

10   MATERIAL and treated as such under this Order.

11   5.   A designation of Protected Material (i.e., "CONFIDENTIAL,"

12       "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED

13       CONFIDENTIAL SOURCE CODE") may be made at any time.  Inadvertent

14       or unintentional production of documents, information or material that has

15       not been designated as DESIGNATED MATERIAL shall not be deemed a

16       waiver in whole or in part of a claim for confidential treatment.  Any party

17       that inadvertently or unintentionally produces Protected Material without

18       designating it as DESIGNATED MATERIAL may request destruction of

19       that Protected Material by notifying the recipient(s), as soon as reasonably

20       possible after the Producing Party becomes aware of the inadvertent or

21       unintentional disclosure, and providing replacement Protected Material that

22       is properly designated.  The recipient(s) shall then destroy all copies of the

23       inadvertently or unintentionally produced Protected Materials and any

24       documents, information or material derived from or based thereon.

25   6.   "CONFIDENTIAL" documents, information and material may be disclosed

26       only to the following persons, except upon receipt of the prior written

27   _____

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials

28   designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED
CONFIDENTIAL SOURCE CODE," both individually and collectively.

-4-

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1    consent of the designating party, upon order of the Court, or as set forth in

2    paragraph 13 herein:

3    (a)    outside counsel of record in this Action for the Parties;

4    (b)    employees of such counsel assigned to and reasonably necessary to

5         assist such counsel in the litigation of this Action;

6    (c)    in-house counsel for the Parties who either have responsibility for

7         making decisions dealing directly with the litigation of this Action, or

8         who are assisting outside counsel in the litigation of this Action;

9    (d)    up to and including three (3) designated representatives of each of the

10        Parties to the extent reasonably necessary for the litigation of this

11        Action, except that either party may in good faith request the other

12        party's consent to designate one or more additional representatives,

13        the other party shall not unreasonably withhold such consent, and the

14        requesting party may seek leave of Court to designate such additional

15        representative(s) if the requesting party believes the other party has

16        unreasonably withheld such consent;

17   (e)    outside consultants or experts (i.e., not existing employees or affiliates

18        of a Party or an affiliate of a Party) retained for the purpose of this

19        litigation, provided that: (1) such consultants or experts are not

20        presently employed by the Parties hereto for purposes other than this

21        Action; (2) before access is given, the consultant or expert has

22        completed the Undertaking attached as Appendix A hereto and the

23        same is served upon the Producing Party with a current curriculum

24        vitae of the consultant or expert at least ten (10) days before access to

25        the Protected Material is to be given to that consultant or Undertaking

26        to object to and notify the Receiving Party in writing that it objects to

27        disclosure of Protected Material to the consultant or expert.  The

28        Parties agree to promptly confer and use good faith to resolve any

-5-

1    such objection.  If the Parties are unable to resolve any objection, the

2    objecting Party may file a motion with the Court within fifteen

3    (15) days of the notice, or within such other time as the Parties may

4    agree, seeking a protective order with respect to the proposed

5    disclosure.  The objecting Party shall have the burden of proving the

6    need for a protective order.  No disclosure shall occur until all such

7    objections are resolved by agreement or Court order;

8    (f)    independent litigation support services, including persons working for

9           or as court reporters, graphics or design services, jury or trial

10          consulting services, and photocopy, document imaging, and database

11          services retained by counsel and reasonably necessary to assist

12          counsel with the litigation of this Action; and

13   (g)    the Court and its personnel.

14   7.  A Party shall designate documents, information or material as

15       "CONFIDENTIAL" only upon a good faith belief that the documents,

16       information or material contains confidential or proprietary information or

17       Trade Secrets of the Party or a Third Party to whom the Party reasonably

18       believes it owes an obligation of confidentiality with respect to such

19       documents, information or material.

20   8.  Documents, information or material produced pursuant to any discovery

21       request in this Action, including but not limited to Protected Material

22       designated as DESIGNATED MATERIAL, shall be used by the Parties only

23       in the litigation of this Action and shall not be used for any other purpose.

24       Any person or entity who obtains access to DESIGNATED MATERIAL or

25       the contents thereof pursuant to this Order shall not make any copies,

26       duplicates, extracts, summaries or descriptions of such DESIGNATED

27       MATERIAL or any portion thereof except as may be reasonably necessary

28       in the litigation of this Action.  Any such copies, duplicates, extracts,

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Case 2:10-cv-03257-GAF-E   Document 20      ge 7 of 20   Page ID #:94

1    summaries or descriptions shall be classified DESIGNATED MATERIALS

2    and subject to all of the terms and conditions of this Order.

3    9.   To the extent a Producing Party believes that certain Protected Material

4    qualifying to be designated CONFIDENTIAL is so sensitive that its

5    dissemination deserves even further limitation, the Producing Party may

6    designate such Protected Material "RESTRICTED -- ATTORNEYS' EYES

7    ONLY," or to the extent such Protected Material includes Source Code

8    and/or live data (that is, data as it exists residing in a database or databases)

9    ("Source Code Material"), the Producing Party may designate such

10   Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

11   10.  For Protected Material designated RESTRICTED - ATTORNEYS' EYES

12   ONLY, access to, and disclosure of, such Protected Material shall be limited

13   to individuals listed in paragraphs 6(a-c) and (e-g); provided, however, that

14   access by in-house counsel pursuant to paragraph 6(c) be limited to in-house

15   counsel who exercise no competitive decision-making authority on behalf of

16   the client.

17   11.  For Protected Material designated RESTRICTED CONFIDENTIAL

18   SOURCE CODE, the following additional restrictions apply:

19   (a)   Access to a Party's Source Code Material shall be provided only on

20         "stand-alone" computer(s) (that is, the computer may not be linked to

21         any network, including a local area network ("LAN"), an intranet or

22         the Internet).  The stand-alone computer(s) may be connected to  a

23         printer.  The stand-alone computer(s) may only be located at the

24         offices of the Producing Party's outside counsel;

25   (b)   The Receiving Party shall make reasonable efforts to restrict its

26         requests for such access to the stand-alone computer(s) to normal

27         business hours, which for purposes of this paragraph shall be 8:00

28         a.m. through 6:00 p.m.  However, upon reasonable notice from the

-7-

1    Receiving Party, the Producing Party shall make reasonable efforts to

2    accommodate the Receiving Party's request for access to the stand-

3    alone computer(s) outside of normal business hours.  The Parties

4    agree to cooperate in good faith such that maintaining the Producing

5    Party's Source Code Material at the offices of its outside counsel shall

6    not unreasonably hinder the Receiving Party's ability to efficiently

7    and effectively conduct the prosecution or defense of this Action;

8    (c)    The Producing Party shall provide the Receiving Party with

9    information explaining how to start, log on to, and operate the stand-

10    alone computer(s) in order to access the produced Source Code

11    Material on the stand-alone computer(s);

12    (d)    The Producing Party will produce Source Code Material in computer

13    searchable format on the stand-alone computer(s) as described above;

14    (e)    Access to Protected Material designated RESTRICTED

15    CONFIDENTIAL - SOURCE CODE shall be limited to outside

16    counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not

17    existing employees or affiliates of a Party or an affiliate of a Party)

18    retained for the purpose of this litigation and approved to access such

19    Protected Materials pursuant to paragraph 6(e) above.  A Receiving

20    Party may include excerpts of Source Code Material in a pleading,

21    exhibit, expert report, discovery document, deposition transcript, other

22    Court document, provided that the Source Code Documents are

23    appropriately marked under this Order, restricted to those who are

24    entitled to have access to them as specified herein, and, if filed with

25    the Court, filed under seal in accordance with the Court's rules,

26    procedures and orders;

27    
28    

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

-8-

STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER

(f)   To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(g)   Except as set forth in paragraph 11(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(h)   The Receiving Party shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the Receiving Party shall maintain a log of all such files that are printed or photocopied;

(i)   Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" and shall continue to be treated as such;

(j)   If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.  The Receiving Party may also temporarily keep the printouts or photocopies at:  (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the

-9-

1    dates associated with the deposition(s); and (iii) any intermediate

2    location reasonably necessary to transport the printouts or photocopies

3    (*e.g.*, a hotel prior to a Court proceeding or deposition); and

4    (k)    A Producing Party's Source Code Material may only be transported

5    by the Receiving Party at the direction of a person authorized under

6    paragraph 11(e) above to another person authorized under

7    paragraph 11(e) above, on paper, via hand carry.  Source Code

8    Material may not be transported or transmitted electronically over a

9    network of any kind, including a LAN, an intranet, or the Internet.

10    Source Code Material may only be transported electronically for the

11    purpose of Court proceeding(s) or deposition(s) as set forth in

12    paragraph 11(j) above and is at all times subject to the transport

13    restrictions set forth herein.  But, for those purposes only, the Source

14    Code Materials may be loaded onto a stand-alone computer.

15    12.    Any attorney representing a Party, whether in-house or outside counsel, and

16    any person associated with a Party and permitted to receive the other Party's

17    Protected Material that is designated RESTRICTED -- ATTORNEYS'

18    EYES ONLY and/or RESTRICTED CONFIDENTIAL SOURCE CODE

19    (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives,

20    has access to, or otherwise learns, in whole or in part, the other Party's

21    HIGHLY SENSITIVE MATERIAL under this Order shall not prepare,

22    prosecute, supervise, or assist in the preparation or prosecution of any patent

23    application pertaining to the field of the invention of the Patent-in-Suit on

24    behalf of the Receiving Party or its acquirer, successor, predecessor, or other

25    affiliate during the pendency of this Action and for one year after its

26    conclusion, including any appeals.  To ensure compliance with the purpose

27    of this provision, each Party shall create an "Ethical Wall" between those

28    persons with access to HIGHLY SENSITIVE MATERIAL and any

-10-

individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the Patent-in-Suit.  For the avoidance of any doubt, this section shall not in any way limit or prevent any attorney representing a Party from participating or assisting in any reexaminations of any patents pertaining to the field of invention of the Patent-in-Suit.

13.   Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity.  If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.  Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material.  The recipient(s) shall gather and return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the Producing Party.

14.   There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized

1   for such access under this Order.  The Parties are hereby ORDERED to

2   safeguard all such documents, information and material to protect against

3   disclosure to any unauthorized persons or entities.

4   15.   Nothing contained herein shall be construed to prejudice any Party's right to

5   use any DESIGNATED MATERIAL in taking testimony at any deposition

6   or hearing provided that the DESIGNATED MATERIAL is only disclosed

7   to a person(s) who is:  (i) eligible to have access to the DESIGNATED

8   MATERIAL by virtue of his or her employment with the designating party,

9   (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or

10   copy recipient of such information, (iii) although not identified as an author,

11   addressee, or copy recipient of such DESIGNATED MATERIAL, has, in

12   the ordinary course of business, seen such DESIGNATED MATERIAL,

13   (iv) a current or former officer, director or employee of the Producing Party

14   or a current or former officer, director or employee of a company affiliated

15   with the Producing Party; (v) counsel for a Party, including outside counsel

16   and in-house counsel (subject to paragraph 10 of this Order); (vi) an

17   independent contractor, consultant, and/or expert retained for the purpose of

18   this litigation; (vii) court reporters and videographers; (viii) the Court; or

19   (ix) other persons entitled hereunder to access to DESIGNATED

20   MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any

21   other persons unless prior authorization is obtained from counsel

22   representing the Producing Party or from the Court.

23   16.   Parties may, at the deposition or hearing or within thirty (30) days after

24   receipt of a deposition or hearing transcript, designate the deposition or

25   hearing transcript or any portion thereof as "CONFIDENTIAL,"

26   "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED

27   CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the

28   deposition or hearing transcript so designated shall be limited in accordance

-12-

1    with the terms of this Order.  Until expiration of the 30-day period, the entire

2    deposition or hearing transcript shall be treated as confidential.

3    17.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed

4    under seal and shall remain under seal until further order of the Court.  The

5    filing party shall be responsible for informing the Clerk of the Court that the

6    filing should be sealed and for placing the legend "FILED UNDER SEAL

7    PURSUANT TO PROTECTIVE ORDER" above the caption and

8    conspicuously on each page of the filing.  Exhibits to a filing shall conform

9    to the labeling requirements set forth in this Order.  If a pretrial pleading

10    filed with the Court, or an exhibit thereto, discloses or relies on confidential

11    documents, information or material, such confidential portions shall be

12    redacted to the extent necessary and the pleading or exhibit filed publicly

13    with the Court.

14    18.    The Order applies to pretrial discovery.  Nothing in this Order shall be

15    deemed to prevent the Parties from introducing any DESIGNATED

16    MATERIAL into evidence at the trial of this Action, or from using any

17    information contained in DESIGNATED MATERIAL at the trial of this

18    Action, subject to any pretrial order issued by this Court.

19    19.    A Party may request in writing to the other Party that the designation given

20    to any DESIGNATED MATERIAL be modified or withdrawn.  If the

21    designating Party does not agree to redesignation within ten (10) days of

22    receipt of the written request, the requesting Party may apply to the Court

23    for relief.  Upon any such application to the Court, the burden shall be on the

24    designating Party to show why its classification is proper.  Such application

25    shall be treated procedurally as a motion to compel pursuant to Federal

26    Rules of Civil Procedure 37, subject to the Rule's provisions relating to

27    sanctions.  In making such application, the requirements of the Federal Rules

28    of Civil Procedure and the Local Rules of the Court shall be met.  Pending

-13-

1 the Court's determination of the application, the designation of the

2 designating Party shall be maintained.

3 20. Each outside consultant or expert to whom DESIGNATED MATERIAL is

4 disclosed in accordance with the terms of this Order shall be advised by

5 counsel of the terms of this Order, shall be informed that he or she is subject

6 to the terms and conditions of this Order, and shall sign an acknowledgment

7 that he or she has received a copy of, has read, and has agreed to be bound

8 by this Order.  A copy of the acknowledgment form is attached as

9 Appendix A.

10 21. To the extent that any discovery is taken of persons who are not Parties to

11 this Action ("Third Parties") and in the event that such Third Parties

12 contended the discovery sought involves Trade Secrets, confidential

13 business information, or other proprietary information, then such Third

14 Parties may agree to be bound by this Order.

15 22. To the extent that discovery or testimony is taken of Third Parties, the Third

16 Parties may designate as "CONFIDENTIAL" or "RESTRICTED --

17 ATTORNEYS' EYES ONLY" any documents, information or other

18 material, in whole or in part, produced or give by such Third Parties.  The

19 Third Parties shall have ten (10) days after production of such documents,

20 information or other materials to make such a designation.  Until that time

21 period lapses or until such a designation has been made, whichever occurs

22 sooner, all documents, information or other material so produced or given

23 shall be treated as "CONFIDENTIAL" in accordance with this Order.

24 23. Within thirty (30) days of final termination of this Action, including any

25 appeals, all DESIGNATED MATERIAL, including all copies, duplicates,

26 abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof

27 (excluding excerpts or extracts incorporated into any privileged memoranda

28 of the Parties and materials which have been admitted into evidence in this

1    Action), shall at the Producing Party's election either be returned to the

2    Producing Party or be destroyed. The Receiving Party shall verify the return

3    or destruction by affidavit furnished to the Producing Party, upon the

4    Producing Party's request. Notwithstanding the provisions for return of

5    DESIGNATED MATERIAL, outside counsel may retain one set of

6    pleadings, correspondence and attorney and consultant work product (but

7    not document productions) for archival purposes, but must return or destroy

8    any pleadings, correspondence, and consultant work product that contain

9    Source Code Material.

10   24.   The failure to designate documents, information or material in accordance

11         with this Order and the failure to object to a designation at a given time shall

12         not preclude the filing of a motion at a later date seeking to impose such

13         designation or challenging the propriety thereof. The entry of this Order

14         and/or the production of documents, information and material hereunder

15         shall in no way constitute a waiver of any objection to the furnishing thereof,

16         all such objections being hereby preserved.

17   25.   Any Party knowing or believing that any other party is in violation of or

18         intends to violate this Order and has raised the question of violation or

19         potential violation with the opposing party and has been unable to resolve

20         the matter by agreement may move the Court for such relief as may be

21         appropriate in the circumstances. Pending disposition of the motion by the

22         Court, the Party alleged to be in violation of or intending to violate this

23         Order shall discontinue the performance of and/or shall not undertake the

24         further performance of any action alleged to constitute a violation of this

25         Order.

26   26.   Production of DESIGNATED MATERIAL by each of the Parties shall not

27         be deemed a publication of the documents, information and material (or the

28         contents thereof) produced so as to void or make voidable whatever claim

-15-

the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27.  Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28.  Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

Dated: October 20, 2010

Respectfully submitted,

By: /s/Mark C. Scarsi
**MILBANK TWEED HADLEY & MCCLOY, LLP**
Mark C. Scarsi
Chris L. Holm
Hannah L. Cannom
Caitlin K. Hawks

*Attorneys for Defendant Apple Inc.*

By: /s/Marc Lorelli
**BROOKS KUSHMAN P.C.**
Marc Lorelli
John M. Halan
Thomas W. Cunningham

*Attorneys for Plaintiff NetAirus Tech. LLC*

1

**ORDER**

2

3

4     IT IS SO ORDERED.

5

6     Dated: _10/26/10_

7                                   The Honorable ~~Gary A. Feess~~

8                                   ~~United States District Court Judge~~
                                    Charles F. Eick
                                    United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                -17-

# APPENDIX A
## UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER

I, _____, declare that:

29.    My address is _____.

      My current employer is _____.

      My current occupation is _____.

30.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

31.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

32.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED -- ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

33.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

      I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____