MILBANK, TWEED, HADLEY & MCCLOY LLP
  Mark C. Scarsi (Cal. State Bar No. 183926)
  mscarsi@milbank.com
  Chris L. Holm (Cal. State Bar No. 249388)
  cholm@milbank.com
  Hannah L. Cannom (Cal. State Bar No. 245635)
  hcannom@milbank.com
  Caitlin K. Hawks (Cal. State Bar No. 260417)
  chawks@milbank.com
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| NETAIRUS TECHNOLOGIES, LLC, a California limited liability company,<br><br>                   Plaintiff,<br><br>     vs.<br><br>APPLE INC., a California corporation,<br><br>                   Defendant. | Case No.: 2:10cv03257-JAK-E<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| APPLE INC., a California corporation,<br><br>                   Counter-Claimant,<br><br>     vs.<br><br>NETAIRUS TECHNOLOGIES, LLC, a California limited liability company,<br><br>                   Counter-Defendant. | Date:   March 12, 2012<br>Time:   3:00 p.m.<br>Location: 255 E. Temple Street<br>Courtroom: 750<br>Before: Hon. Judge John A. Kronstadt |

#4832-3565-5182

DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on March 12, 2012, or at such other date and time as may be ordered, in Courtroom 750 of the above captioned Court, located at 255 East Temple Street, Los Angeles, CA 90012, Defendant Apple Inc. will and hereby does move this Court for an order staying this matter pending the completion of an ongoing United States Patent Office Reexamination Proceeding concerning U.S. Patent No. 7,103,380. As set forth in the attached Memorandum of Points and Authorities, a stay pending completion of the Reexamination will advance the interests of the parties and conserve judicial resources.

Apple bases this motion on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Mark C. Scarsi in Support of Apple Inc.'s Motion to Stay Proceedings Pending Reexamination, all pleadings and papers on file in this action, and any argument or evidence that the parties may present at any hearing on this matter.

This motion is made following several conferences of counsel pursuant to Local Rule 7-3, which began on February 24, 2012, and pursuant to the parties' joint stipulation for a shortened briefing schedule, filed with the Court on March 2, 2012. (ECF No. 210.)

Dated:  March 2, 2012          Respectfully submitted,

By:  /s/ Mark C. Scarsi
MILBANK TWEED HADLEY & MCCLOY, LLP
Mark C. Scarsi
Chris L. Holm
Hannah L. Cannom
Caitlin K. Hawks

*Attorneys for Defendant Apple Inc.*

-1-
DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 1

I. FACTUAL AND PROCEDURAL BACKGROUND ........................................ 2

   A. Patent Reexamination by the Patent Office ...................................................... 2

   B. The Instant Reexamination ................................................................................ 3

II. THE COURT SHOULD STAY THIS CASE PENDING *EX PARTE* REEXAMINATION ................................................................................................. 3

   A. A Stay Will Likely Simplify Issues and Streamline the Trial in this Matter .. 4

   B. A Stay Will Not Unduly Prejudice the Plaintiff .............................................. 6

   C. Courts Have Stayed Litigations in Similar Stages ........................................... 7

III. CONCLUSION ........................................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ASCII Corp. v. STD Entm't USA, Inc.*,
   844 F. Supp. 1378 (N.D. Cal. 1994) ............................................................. 3, 4

*Aten Int'l Co., Ltd., v. Emine Tech. Co., Ltd.*,
   No. SACV09-0843, 2010 WL 1462110 (C.D. Cal. Apr. 12, 2010) ..................... 7

*Broad. Innovation, L.L.C., v. Charter Commc'n, Inc.*,
   No. 03-cv-2223, 2006 WL 1897165 (D. Colo. July 11, 2006) .................. 4, 5, 8

*CCP Systems AG v. Samsung Electronics Corp*,
   No. 09-cv-4352, 2010 WL 5080570 (D.N.J. Dec. 7, 2010) ............................... 6

*Emhart Indus. v. Sankyo Seiki Mfg. Co.*,
   3 U.S.P.Q. 2d 1889 (N.D. Ill. 1987) .................................................................. 5

*eSoft, Inc. v. Blue Coat Sys., Inc.*,
   505 F. Supp. 2d 784 (D. Colo. 2007) ................................................................. 8

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ......................................................................... 2

*Gould v. Control Laser Corp.*,
   705 F.2d 1340 (Fed. Cir. 1983) ..................................................................... 3, 5

*Grayling Indus., Inc. v. GPAC, Inc.*,
   No. 1:89-cv-451 (ODE), 1991 WL 236196 (N.D. Ga. Mar. 25, 1991) ............. 8

*JAB Distributors, LLC v. London Luxury, LLC*
   2010 WL 1882010 (N.D.Ill. May 11, 2010) ..................................................... 2

*Loffland Bros. Co. v. Mid-Western Energy Corp.*,
   No. -83-cv-2255-E, 1985 WL 1483 (W.D. Okla. Jan. 3, 1985) ........................ 8

*Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc.*,
   486 F. Supp. 2d 990 (D. Ariz. 2007) ................................................................. 7

*Middleton, Inc. v. Minn. Mining & Mfg. Co.*,
   No. 04-cv-40493, 2004 WL 1968669 (S.D. Iowa Aug. 24, 2004) .................... 8

*Motson v. Franklin Covey Co.*,
   No. 03-cv-1067 (RBK), 2005 WL 3465664 (D. N.J. Dec. 16, 2005) .............. 4, 8

*NetJumper Software, L.L.C. v. Google, Inc.*,
   No. 04-70366, 2008 WL 2761022 (E.D. Mich. July 15, 2008) ................... 7, 8, 9

*Orinda IP USA Holding Grp., Inc. v. Sony Elecs. Corp.*,
   No. 09-cv-04920 (EDL), 2010 WL 3184375 (N.D. Cal. Aug. 11, 2010) ............ 4

*Patlex Corp. v. Mossinghoff*,
   758 F.2d 594 (Fed. Cir. 1985) ............................................................................ 4

*Phillips v. AWH Corp.*,
   415 F.3d 1303 (Fed. Cir. 2005) (*en banc*) ........................................................ 6

*Robert H. Harris Co., Inc. v. Metal Mfg. Co., Inc.*,
   19 U.S.P.Q.2d 1786 (E.D. Ark. June 21, 1991) ................................................. 3

*SKF Condition Monitoring, Inc. v. SAT Corp.*,
   No. 07-cv-1116 (NLS), 2008 WL 706851 (S.D. Cal. Feb. 27, 2008) ................. 6

*Streetspace, Inc. v. Google, Inc.*,
   No. 11-cv-04575 (JW), 2012 WL 293642 (N.D. Cal., Feb. 1, 2012) .............. 3, 4

**STATUTES**

35 U.S.C. § 302 ............................................................................................................ 2

35 U.S.C. § 304 ............................................................................................................ 2

35 U.S.C. § 305 ............................................................................................................ 2

**OTHER AUTHORITIES**

H.R. Rep. No. 96-1307, pt. 1 (1980), *reprinted in* 1980 U.S.C.C.A.N. 6460 ........... 3

*Manual of Patent Examining Procedures* § 2262 ...................................................... 2

*Manual of Patent Examining Procedures* § 2263 ...................................................... 2

## MEMORANDUM OF POINTS AND AUTHORITIES

As the Court is aware, there are serious questions as to whether any claims of NetAirus' U.S. Patent Number 7,103,380 (the "'380 patent") are valid over the prior art. The Court has invalidated claims 1 and 3, and found that a fact issue precluded summary judgment on claims 7 and 11.[1] Meanwhile, in a separate Reexamination proceeding, the United States Patent and Trademark Office considered a number of prior art references, including both the art that was the subject of Apple's motion for summary judgment and additional technical materials that Apple provided to the Patent Office. Based upon these references, the Patent Office made a determination that Apple's prior art raised a "substantial new question of patentability." Subsequently, a panel of three senior Patent Examiners issued a rejection, holding all claims at issue in this matter invalid in view of Apple's prior art. In light of these developments, Apple asks the Court to stay this litigation pending the completion of the Reexamination.

The Court's discretion to stay litigation pending Reexamination is clear, and a stay in this matter is warranted for the following reasons:

*First*, the Reexamination will eliminate or, at a minimum, significantly narrow the remaining issues in dispute. Indeed, the Patent Office is very likely to maintain its rejection of all claims at issue in this matter, leading to a complete resolution of this case.

*Second*, a stay would not unduly prejudice NetAirus, a non-practicing entity that does not compete with Apple. NetAirus is seeking only monetary damages in this action. Therefore, a stay will not impair NetAirus' ability to seek a full recovery if some patent claims ultimately survive Reexamination and the Court determines that they are valid and infringed.

---

[1] Apple filed a Motion to Clarify on February 29, 2012, requesting that the Court clarify its Summary Judgment Order to expressly hold that dependent claims 2, 4-6, and 14 are also invalid. (ECF No. 209.)

-1-

*Third*, a stay of this litigation would conserve judicial and litigation resources. Much needs to be done before this case can be tried before a jury. The Court must decide numerous motions *in limine* and the parties and the Court must undertake significant trial preparation activity. Staying the case at this juncture will allow the Patent Office to complete its Reexamination which, in all likelihood, will result in the cancellation or amendment of all of the asserted patent claims, thereby avoiding the potential for unnecessary effort by the Court and the parties.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Patent Reexamination by the Patent Office

Congress set up the Reexamination process as "an efficient and relatively inexpensive procedure for reviewing the validity of patents" that employs the specialized expertise of the Patent Office. *JAB Distribs., LLC v. London Luxury, LLC,* No. 09-cv-5831, 2010 WL 1882010, at *4 (N.D.Ill. May 11, 2010) *quoting Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426 (Fed. Cir. 1988). Any party may file a request for Reexamination on the basis of prior art documents that bear on the patentability of an issued patent. 35 U.S.C. § 302. Within three months of receiving a request for Reexamination, the Director of the Patent Office will determine if there is a substantial new question of patentability on the reexamined claims. 35 U.S.C. § 304. When the Patent Office finds a substantial new question of patentability, a patent is typically modified or rejected about 77% of the time. (Declaration of Mark C. Scarsi in Support of Apple Inc.'s Motion to Stay Proceedings Pending Reexamination ("Scarsi Decl.") ¶ 3, Ex. A at 7.) Per statute, the Patent Office conducts Reexamination Proceedings with "special dispatch." 35 U.S.C. § 305. When a corresponding litigation is stayed pending Reexamination, the Reexamination process is expedited further. *Manual of Patent Examining Procedures* § 2263. During the Reexamination proceeding, a panel of three experienced Patent Examiners review the patent claims and prior art to determine whether to allow or reject the patent claims. *Id.* at § 2262.

### B. The Instant Reexamination

Apple asked the Patent Office to reexamine the '380 patent on August 29, 2011. (Scarsi Decl. ¶ 4, Ex. B at 14.) On October 14, 2011, the Patent Office found a substantial new question of patentability regarding the '380 patent claims. (*Id.* at ¶ 5, Ex. C at 81.) On January 6, 2012, a panel of three experienced Patent Examiners issued an Office Action rejecting claims 1-5 and 7-13. (*Id.* at ¶ 6, Ex. D at 96.) On January 23, 2012, the panel of Patent Examiners issued a supplemental Office Action rejecting all asserted claims of the '380 patent. (*Id.* at ¶ 7, Ex. E at 117.) NetAirus has until March 23, 2012 to respond to the Patent Office's latest action. (*Id.* at ¶ 7, Ex. E at 117.)

## II. THE COURT SHOULD STAY THIS CASE PENDING *EX PARTE* REEXAMINATION

The determination of whether to stay litigation pending the outcome of the Patent Office's Reexamination is soundly within this Court's discretion. *See Streetspace, Inc. v. Google, Inc.*, No. 11-cv-04575 (JW), 2012 WL 293642, at * 4 (N.D. Cal., Feb. 1, 2012); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983). A stay pending the outcome of a Patent Office Reexamination is a "sound means by which the court may facilitate resolution" of a litigation. *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). Indeed, "the legislative history surrounding the establishment of the reexamination proceeding evinces congressional approval of district courts liberally granting stays." *Robert H. Harris Co., Inc. v. Metal Mfg. Co., Inc.*, 19 U.S.P.Q.2d 1786, 1788 (E.D. Ark. June 21, 1991). Specifically, the legislative history indicates that Congress fully expected courts to utilize their inherent power to stay litigation to ensure that Reexaminations were allowed to provide a cost-effective resolution of validity issues. H.R. Rep. No. 96-1307, pt. 1 (1980), *reprinted in* 1980 U.S.C.C.A.N. 6460, 6463 ( "It is anticipated that these measures provide a useful and necessary alternative for challengers and for patent owners to test the validity

DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION

of the United States patents in an efficient and relatively inexpensive manner."); *see also ASCII Corp.*, 844 F. Supp. at 1381 (noting that "[i]t is clear from the cases cited by both parties that there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings."); *Patlex Corp. v. Mossinghoff*, 758 F.2d 594, 606 (Fed. Cir. 1985) (noting that "stay of pending litigation to enable PTO review of contested patents was one of the specified purposes of the reexamination legislation").

When determining whether to stay litigation pending resolution of a Patent Office Reexamination, courts generally consider: (1) whether a stay will simplify the issues in question and streamline the trial of the case; (2) whether a stay would unduly prejudice or tactically disadvantage the non-moving party; and (3) the stage of the litigation. *Orinda IP USA Holding Grp., Inc. v. Sony Elecs. Corp.,* No. 09-cv-04920 (EDL), 2010 WL 3184375 at *1 (N.D. Cal. Aug. 11, 2010). Here, a balance of these factors weighs in favor of a stay.

### A. A Stay Will Likely Simplify Issues and Streamline the Trial in this Matter

Allowing the Patent Office to complete its Reexamination of the '380 patent before proceeding with litigation will undoubtedly streamline this matter for trial. *Broad. Innovation, L.L.C.*, *v. Charter Commc'n, Inc.*, No. 03-cv-2223 (ABJ-BNB), 2006 WL 1897165, at *3 (D. Colo. July 11, 2006); *Motson v. Franklin Covey Co.*, No. 03-cv-1067 (RBK), 2005 WL 3465664 at *1 (D. N.J. Dec. 16, 2005). Courts have expressly held that an Office Action rejecting all claims, such as that issued by the Patent Examiner panel in the '380 Reexamination, "clearly has the potential to simplify the issues for trial." *Streetspace, Inc.*, 2012 WL 293642, at *4 (granting stay where Office Action rejected all claims of patent in suit). Indeed, judicial economies will arise from a stay pending reexamination regardless of whether the Patent Office ultimately cancels, modifies, or allows the asserted claims unchanged. "One purpose of the reexamination procedure is to eliminate

trial of that issue (when the claim is canceled) or to facilitate trial of that issue by providing the district court with the expert view of the [Patent Office] (when a claim survives the reexamination proceeding)." *Gould*, 705 F.2d at 1342.

Shifting the issue of validity of the '380 patent to the Patent Office for Reexamination in light of Apple's strong prior art has many advantages including, among other things, that: (i) much of the prior art presented to the trier of fact will have been first considered by the expertise of the Patent Office such that, even if one or more claims of the '380 survive Reexamination, this Court will have the benefit of the Patent Office's guidance in issuing its ultimate ruling on validity and infringement; (ii) in those cases resulting in effective invalidity of the patent, the suit would likely be dismissed; (iii) the outcome of the Reexamination may encourage settlement without further involvement of the Court; (iv) the Reexamination record would likely be entered at trial, thereby reducing the complexity and length of the litigation; (v) Reexamination would limit the issues, defenses, and evidence at trial; and (vi) Reexamination would reduce the cost incurred by both the parties and the Court. *See Broad. Innovation, L.L.C.*, 2006 WL 1897165, at \*3 (*quoting Emhart Indus. v. Sankyo Seiki Mfg. Co., Ltd.,* 3 U.S.P.Q. 2d 1889, 1890 (N.D. Ill. Feb. 2, 1987)).

Requiring the Court and the parties to expend substantial resources and expense to conduct a trial in light of an on-going Reexamination makes little sense in this matter. Indeed, the Patent Office has already rejected all asserted claims of the '380 patent as obvious in view of the prior art. And the historic evidence shows that Reexamination will likely result in the cancellation or alteration of the '380 patent. (Scarsi Decl. ¶ 3 Ex. A at 7.) Waiting for the Patent Office to complete the Reexamination would streamline trial and simplify the issues by potentially eliminating the need for any trial or at least providing the Court with the opinions of the Patent Office to clarify the scope of any remaining claims. Moreover, it will ensure that both Apple and the Court have access to a complete

record regarding the prosecution history of the '380 patent—any arguments that NetAirus will make in the Reexamination regarding claim meaning or claim scope will be directly relevant to the parties' arguments in this case. Absent a stay, Apple may be forced to litigate the case, and the Court to decide it, without a complete prosecution history. *See, e.g., Phillips v. AWH Corp.*, 415 F.3d 1303, 1317 (Fed. Cir. 2005) (*en banc*). In light of the foregoing, this factor weighs heavily in favor of a stay.

### B. A Stay Will Not Unduly Prejudice the Plaintiff

NetAirus will not experience undue prejudice as a result of the stay. As a preliminary matter, the "delay inherent to the reexamination process does not constitute, by itself, undue prejudice." *CCP Systems AG v. Samsung Electronics Corp*, No. 09-cv-4352 (DMC-JAD), 2010 WL 5080570, at *3 (D.N.J. Dec. 7, 2010). Because NetAirus is only entitled to money damages, it has an adequate remedy at law and will suffer no undue prejudice if this Court issues a stay. *See SKF Condition Monitoring, Inc. v. SAT Corp.,* No. 07-cv-1116 (NLS), 2008 WL 706851, at *6 (S.D. Cal. Feb. 27, 2008) (finding no undue prejudice because plaintiff had an adequate remedy at law). If claims of the '380 patent do emerge from Reexamination, and NetAirus is able to establish that they are valid and infringed, NetAirus would receive a complete monetary recovery, including any damages that accrued during the stay.[2]

Should the Court allow the litigation to proceed parallel to the Reexamination, however, Apple would suffer substantial prejudice. As noted

---

[2] Similarly, the Court should reject any argument by NetAirus that Apple delayed in filing its Reexamination Request for tactical purposes. NetAirus is well aware that once an *Ex Parte* Reexamination request is filed it cannot be withdrawn by the filer. Apple waited to file the Reexamination Request until after it had exhausted all reasonable avenues of settlement possibility. Courts have found that similar delays in seeking reexaminations are acceptable. *See CCP Systems AG v. Samsung Electronics Corp*., No. 09-cv-4352 (DMC-JAD), 2010 WL 5080570, *3 (D.N.J. Dec. 7, 2010).

above, the Court has already found a number of claims invalid as obvious, and it is likely that the Reexamination panel will maintain its rejection of all of the remaining '380 patent claims. (Scarsi Decl. ¶ 3, Ex. A at 7.) If the litigation proceeds while the Patent Office reconsiders the patent, Apple will have to defend itself against claims of a likely invalid or altered patent. Indeed, denying the stay could result in substantial expense and wasted resources if the Patent Office and the Court were to issue inconsistent rulings. *See, e.g.*, *Medicis Pharm. Corp. v. Upsher-Smith Labs., Inc.*, 486 F. Supp. 2d 990, 994 (D. Ariz. 2007) (granting motion to stay and noting that a denial of the motion "could result in substantial expense and wasted resources if the [Patent Office] and the Court were to issue inconsistent rulings."). Likewise, if the Patent Office were to allow, but modify, any of the asserted claims of the '380 patent, the parties would have to re-litigate the issues of validity and infringement based upon these modified claims. *See, e.g., Aten Int'l Co., Ltd., v. Emine Tech. Co., Ltd.,* No. SACV09-0843, 2010 WL 1462110 at *7 (C.D. Cal. Apr. 12, 2010) (noting that "[b]ecause [the vast majority] of patents being reexamined change in some way . . . the Court risks enabling futile litigation that may have to be repeated if the patent changes"); *NetJumper Software, L.L.C. v. Google, Inc.*, No. 04-70366, 2008 WL 2761022 at *1-2 (E.D. Mich. July 15, 2008) (taking into account the possibility that reexamination may yield some change in a patent that could result in duplicative litigation).

### C. Courts Have Stayed Litigations in Similar Stages

While Apple acknowledges that this case is near trial, a stay would still prevent substantial expenditure of judicial and litigation resources. Indeed, courts have stayed cases in a similar procedural posture to this litigation. *See, e.g.*, *NetJumper Software, L.L.C.*, 2008 WL 2761022 at *1-2 (granting a stay after summary judgment motions were adjudicated, and a trial date was established); *eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784 (D. Colo. 2007) (granting defendant's motion to stay at the completion of discovery); *Broad. Innovation,*

*L.L.C.*, 2006 WL 1897165, at *8-9 (granting defendant's motion to stay pending reexamination two months before trial); *Motson*, 2005 WL 3465664, at *2 (granting a stay after completion of discovery on summary judgment, though before the court had set a trial date); *Middleton, Inc. v. Minn. Mining & Mfg. Co.*, No. 04-cv-40493, 2004 WL 1968669 (S.D. Iowa Aug. 24, 2004) (granting a motion to stay eight years after the start of litigation and two months before trial); *Grayling Indus., Inc. v. GPAC, Inc.*, No. 1:89-cv-451 (ODE), 1991 WL 236196 at *2-3 (N.D. Ga. Mar. 25, 1991) (granting a stay after issuance of final pre-trial order and completion of discovery where only trial remained in the case); *Loffland Bros. Co. v. Mid-Western Energy Corp.*, No. -83-cv-2255-E, 1985 WL 1483 at *1-2 (W.D. Okla. Jan. 3, 1985) (granting a stay after the completion of discovery and summary judgment briefing where the original trial date had passed, but had not yet been rescheduled).

The court's analysis of this factor in *NetJumper Software L.L.C.* is particularly informative. There, the court granted a motion to stay more than four years after litigation in the matter had commenced. *NetJumper*, 2008 WL 2761022 at *1-2. At the time the court granted the stay, it had adjudicated the parties' summary judgment motions and set a date for trial. *Id.* The court noted that the status of three quarters of the patents subject to Reexamination in the Patent Office change in some way and emphasized that "[s]uch statistics strongly militate in favor of granting a stay, even at [a] late stage in pending federal court litigation." *Id.* at *2. As such, the court granted a stay in order to avoid the high likelihood of duplicating the litigation in the event that the Patent Office's Reexamination would yield controversial results. *Id.* at *3.

Here, the Court and the parties will likewise save significant resources if the Court stays litigation pending the Reexamination. Once the Court sets a trial date, the parties and the Court will expend substantial effort preparing for trial. It would be unfortunate if the Court and the parties expended that effort only to discover

after the conclusion of trial that the Patent Office declared the '380 patent invalid or altered the '380 Patent claims. A stay would allow the Patent Office to complete its Reexamination of the '380 patent and avoid that outcome.

### III. CONCLUSION

For the foregoing reasons, Apple respectfully asks the Court to enter an order staying all proceedings in this action pending the resolution of the Patent Office's Reexamination of the '380 patent.

Dated: March 2, 2012    Respectfully submitted,

By:    /s/ Mark C. Scarsi
MILBANK TWEED HADLEY & MCCLOY, LLP
Mark C. Scarsi
Chris L. Holm
Hannah L. Cannom
Caitlin K. Hawks

***Attorneys for Defendant Apple Inc.***

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017.

On March 2, 2012, I served the foregoing document described as **DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the interested parties in this action:

| | |
|---|---|
| Plaintiff NetAirus Technologies, LLC, a California limited liability company | Plaintiff NetAirus Technologies, LLC, a California limited liability company |
| Mark D. Roth<br>Orum & Roth LLC<br>53 West Jackson Boulevard, Suite 620<br>Chicago, IL 60604-3750<br>Phone: 312-922-6262<br>Fax: 312-922-7747<br>E-mail: Markdroth@gmail.com<br>PRO HAC VICE<br>ATTORNEY TO BE NOTICED | Mark B. Mizrahi<br>Wolf Rifkin Shapiro<br>Shulman & Rabkin LLP<br>11400 West Olympic Boulevard, 9th Fl<br>Los Angeles, CA 90064<br>Phone: 310-478-4100<br>Fax: 310-478-6363<br>E-mail: mmizrahi@wrslawyers.com<br>ATTORNEY TO BE NOTICED |

**_X_** **BY ELECTRONIC TRANSMISSION**: The foregoing document was transmitted via the Court's ECF System to the parties listed on the attached service list.

___ **BY E-MAIL TRANSMISSION**: I caused the foregoing documents to be transmitted via electronic mail to the parties listed on the attached service list.

**_X_** **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 2, 2012, in Los Angeles, California.

/s/ Beth A. Aalberts
BETH A. AALBERTS

-10-
DEFENDANT APPLE INC.'S NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING REEXAMINATION