# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| NETAIRUS TECHNOLOGIES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>APPLE, INC., a California corporation,,<br><br>Defendant. | Case No. 2:10-cv-03257 JAK-E<br><br>**FINAL PRETRIAL CONFERENCE ORDER**<br><br>Pretrial Conference: October 21, 2013<br><br>Trial: November 5, 2013 |

# **TABLE OF CONTENTS**

1. The Parties. ...................................................................................................1

2. Federal jurisdiction and Venue. ....................................................................1

3. Trial Estimate. ...............................................................................................1

4. The Trial is to be a jury trial. ........................................................................1

5. The following facts are admitted and require no proof. ...............................2

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection: ....................................................................................2

7. Claims and defenses to be presented at trial. ................................................2

8. In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried: .....................................................................................................2

9. All discovery is complete. ............................................................................3

10. All disclosures under F.R.Civ.P. 26(a)(3) have been made. ........................3

11. Witness lists. .................................................................................................3

12. Law and motion matters and motions *in limine*. .........................................4

13. Bifurcation of the following issues for trial is ordered: ...............................6

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice. .............6

#4834-2640-1806

Following pretrial proceedings, the parties hereto submit the following Final Pretrial Order pursuant to Rule 16, F.R.Civ.P and L.R. 16:

IT IS ORDERED:

1. <u>The Parties.</u>

Plaintiff and counterclaim defendant NetAirus Technologies, LLC, a California limited Liability Company.

Defendant and counterclaim plaintiff Apple Inc., a California corporation.

Each of these parties has been served and has appeared.

The pleadings which raise the issues are (i) Plaintiff's Complaint, (ii) Defendant's Answer, Affirmative Defenses and Counterclaims and (iii) Plaintiff's Answer to Counterclaims.

2. <u>Federal Jurisdiction and Venue.</u>

Federal jurisdiction and venue are invoked because this is a cause of action arising under the Patent Act, 35 U.S.C. § 1 *et seq*. and therefore the Court has jurisdiction over this matter pursuant to 35 U.S.C. § 1338(a). Defendant is alleged to have sold products used to perform a method that infringes the asserted patent in this district and venue is therefore proper under 28 U.S.C. § 1400(b). For the purposes of this cause of action, Defendant does not challenge jurisdiction or venue.

3. <u>Trial Estimate.</u>

Plaintiff estimates that the trial will take eight (8) trial days. Defendant estimates that the trial will take five (5) trial days.

4. <u>The Trial Is To Be a Jury Trial.</u>

At least seven (7) days prior to the trial date each party shall file and serve by e-mail, fax, or personal delivery: (a) proposed jury instructions as required by L.R. 51-1 and (b) any special questions requested to be asked on voir dire.

5. <u>The following facts are admitted and require no proof.</u>

Richard Ditzik is the named inventor of United States Patent No. 7,103,380 ("the '380 Patent"). The '380 Patent has been assigned to the Plaintiff, NetAirus Technologies, LLC. An Ex Parte Reexamination Certificate for the '380 Patent was issued on October 8, 2012. Claims 3, 7, 9, 10, 11 and 12 or the '380 Patent are at issue in this litigation. Apple makes, uses, sells, offers for sale and imports into the United States the Apple iPhone 4. Apple began selling its original iPhone in the United States in June 2007. Apple began selling its iPhone 4 in the United States in June 2010.

6. <u>The following facts, though stipulated, shall be without prejudice to any evidentiary objection:</u>

None.

7. <u>Claims and Defenses To Be Presented at Trial.</u>

The parties have served and lodged comprehensive, confidential Memorandums of Fact and Law pursuant to L.R. 16-4, together with applications to file under seal, setting forth all of the parties' respective claims, defenses, and key evidence, which are incorporated herein by reference and become a part of this Final Pre-Trial Conference Order.

8. <u>In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:</u>

a. Whether the claims of the '380 patent are valid.

b. Whether Apple directly infringes one or more asserted claims of the '380 patent.

c. Whether Apple induces infringement of one or more of the claims of the '380 patent.

d. If Apple is found to infringe one or more valid and enforceable asserted claims of the '380 patent, the appropriate royalty to NetAirus.

e.  Whether the case is exceptional.

9. All Discovery is Complete.

10. All Disclosures Under F.R.Civ.P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiff's objections to exhibits are listed in Attachment B to this document.

Defendants' objections to exhibits are listed on Attachment A to this document.

11. Witness Lists.

The parties will file their witness lists on or before October 11, 2013.  Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).  Apple reserves the right to object to any witness listed on NetAirus's witness list that it will file with the Court on October 11, 2013. NetAirus reserves the right to object to any witness listed on Apple's witness list that it will file with the Court on October 11, 2013.

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7.  For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1, although the parties reserve their state objections to deposition testimony from certain witnesses:

- James Berger
- Howard Griffith
- Charles Lancaster
- Howard Marylander
- Michael Morgan

3

#4834-2640-1806

- Bill Noellert
- Louie Sanguinetti
- Steven Sinclair
- James Imahiro
- Thomas Blackburn
- Richard Ditzik
- Joseph Gemini

Plaintiff objects to the presentation of testimony by deposition of the following witnesses:

- Howard Griffith
- Thomas Blackburn
- Richard Ditzik
- Joseph Gemini

Defendant objects to the presentation of testimony by deposition of the following witnesses:

- James Berger
- Howard Marylander
- Thomas Blackburn
- Richard Ditzik
- Joseph Gemini

12. Law and Motion Matters and Motions *in Limine*.

The following law and motion matters and motions *in limine,* and no others, are pending or presently contemplated:

Plaintiff's Motion in *limine* No. 1, Motion to Preclude Apple from Presenting Evidence of Apple's Proposed Claim Constructions and Evidence Based on those Claim Constructions.

4

#4834-2640-1806

1     Plaintiff's Motion in *limine* No. 2, Motion to Preclude Apple from Presenting Evidence of Non-Infringing Alternatives.

    Plaintiff's Motion in *limine* No. 3, Motion to Preclude Apple from Presenting Evidence of Certain Documents Used for Apple's Obviousness Argument.

    Plaintiff's Motion in *limine* No. 5, Motion to Preclude Evidence of "Patently Obvious" Article.

    Plaintiff's Motion in *limine* No. 7, to Bar Improper Reliance on Hindsight in Apple's Arguments and Testimony about Obviousness.

    Plaintiff's Motion in *limine* No. 8, to Bar Testimony or Argument Attacking the Competence of the Patent Office in Examining the NetAirus Patent Applications.

    Plaintiff's Motion in *limine* No. 9, to Preclude Evidence, Examination and Argument Related to a "Ghost Meter".

    Plaintiff's Motion in *limine* No. 10, to Preclude Derogatory Characterization of Patent Holders.

    Plaintiff's Motion in *limine* No. 11, to Exclude Apple Employees Kurt Knight and Mark Buckley as Trial Witnesses.

    Issues related to Plaintiff's Motion for Sanctions and for the Imposition of Adverse Inferences.

    Defendant's *Daubert* Motion to Exclude the Surveys, Expert Reports, and Opinions of Howard Marylander and James Berger and References Thereto by Joseph Gemini.

    Defendant's *Daubert* Motion to Exclude the Opinions of Joseph Gemini.

    Defendant's Motion *in limine* No. 2, to Exclude the Expert Testimony and Report of Rodney L. Crawford.

    Defendant's Motion *in limine* No. 4, to Exclude Any Testimony Regarding An Alleged Apple License With Qualcomm.

#4834-2640-1806

Defendant's Motion *in limine* No. 5, to Exclude Evidence of Out-of-Court Statements Unrelated to the Patented Invention.

Defendant's Motion *in limine* No. 6, to Preclude Testimony Regarding New Theories in the Blackburn Supplemental Infringement Report.

Defendant's Motion *in limine* No. 7, to Exclude Evidence of Apple Litigation Unrelated to the Patented Invention.

Defendant's Motion *in limine* No. 8, to Exclude Reference to Report and Opinions of Rodney Crawford.

Defendant's Motion *in limine* Nos. 9, 10, and 11 to Exclude Evidence of Foreign Manufacture (No. 9), Company-Wide Financial Information (No. 10) and Discovery Disputes (No. 11).

Defendant's Motion *in limine* No. 12, to Exclude Recently Disclosed Non-Party Witnesses

13. Bifurcation of the following issues for trial is ordered:

None.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: October 21, 2013      _____
                             JOHN A. KRONSTADT
                             UNITED STATES DISTRICT JUDGE

Approved as to form and content

/s/ Mark D. Roth
Attorney for Plaintiff, NetAirus Technologies, LLC
/s/ Christopher J. Gaspar
Attorney for Defendant, Apple Inc.

#4834-2640-1806