MILBANK, TWEED, HADLEY & MCCLOY LLP
   Mark C. Scarsi (Cal. State Bar No. 183926)
   mscarsi@milbank.com
   Christopher J. Gaspar (*pro hac vice*)
   cgaspar@milbank.com
   Chris L. Holm (Cal. State Bar No. 249388)
   cholm@milbank.com
   Hannah L. Cannom (Cal. State Bar No. 245635)
   hcannom@milbank.com
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063
*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| NETAIRUS TECHNOLOGIES, LLC, a California limited liability company,<br><br>        Plaintiff,<br><br>  vs.<br><br>APPLE INC., a California corporation,<br><br>        Defendant. | Case No.: 2:10cv03257-JAK-E<br><br>**DEFENDANT APPLE INC.'S BRIEF REGARDING JURY NOTE NUMBER 7** |
| APPLE INC., a California corporation,<br><br>        Counter-Claimant,<br><br>  vs.<br><br>NETAIRUS TECHNOLOGIES, LLC, a California limited liability company,<br><br>        Counter-Defendant. | Trial Date: November 12, 2013<br>Time: 9:30 a.m.<br>Courtroom: 750<br><br>Hon. John A. Kronstadt |

Apple responds to the Jury's question number 7 which asks, "[c]ould the phrase 'local area communication base unit' refer to a moder-day wireless internet router?" Because this is a fact question for the jury to determine, Apple respectfully requests that the Court answer this question as follows: "This is a factual determination for the jury to make, you may rely on your memory of the evidence presented in this case." *See U.S. v. Nolan,* 700 F.2d 479, 486 (9th Cir. 1983).

Should the Court be inclined to provide more instruction, Apple respectfully suggests that it respond as follows: "I have construed the term local area communication base unit to mean 'a device located nearby the handset that can send and receive wireless communications to and from the handset, and can relay communications between the handset and an external wide area network.' It is up to you to determine, based solely on the evidence you have heard in this case, if a modern-day wireless internet router meets this definition."

There is no undisputed testimony in the record to support NetAirus's argument that the Court may properly instruct the jury that a wireless internet router is a local area communication base unit. First, no witness ever testified that a wireless internet router relays information to the wide area network ("WAN"). Further, Mr. Blackburn's own testimony contradicts that a wireless internet router does indeed relay information to the WAN. For these reasons, and because the Ninth Circuit disfavors re-reading selected testimony, reading NetAirus's selected testimony from Mr. Blackburn would be improper.

**A. The Court Should Decline to Answer a Fact Question for the Jury**

Jury question number 7 is a question of fact that the Court should decline to answer with a "yes" or "no" as NetAirus suggests. Because this is a factual determination that the jury must make based on its recollection, an instruction that "This is a factual determination for the jury to make, you may rely on your

memory of the evidence presented in this case" is proper. *See U.S. v. Nolan,* 700 F.2d at 486.

Moreover, while NetAirus cites to evidence that it states supports its contention that a modern-day wireless internet router is a local area communication base unit, a review of all of the evidence does not support this finding. As evidenced in Section B, below, there has been no testimony that a modern-day wireless internet router can relay information from the handset to the WAN. As such, there is a failure of proof that a modern-day wireless internet router can relay information from the handset to the WAN. It would therefore be error for the Court to instruct the jury on this factual determination. 1 Fed. Jury Prac. & Instr. § 7:3 (6th ed.); *see also U.S. v. Espinoza-Baza*, 647 F.3d 1182, 1191–92 (9th Cir. 2011) ("A trial court, however, need not instruct the jury on theories that lack a factual foundation in the evidence.").

### B. Mr. Blackburn's and Mr. Ditzik's Testimony Is Incomplete, Contradictory, and Does Not Support NetAirus's Proposed Answer

NetAirus posits that "the fact that a 'local area communications base unit' may refer to a modern-day wireless internet router is undisputed in the present record" and cites to several portions of Mr. Ditzik and Mr. Blackburn's testimony as support.[1] (ECF No. 652 at 2.) However, there is simply no testimony in the record that a wireless router relays information to the WAN as the Court's claim construction requires. Therefore, NetAirus's proposed instruction would be improper.[2] 1 Fed. Jury Prac. & Instr. § 7:3 (6th ed.) ("it is error for the court to instruct upon matters about which no evidence has been presented").

---

[1] NetAirus also cites to closing argument and its trial demonstratives, which are not evidence in this case.

[2] Further, to the extent that the Court is inclined to adopt NetAirus's proposed answer, such an answer should clarify that the inclusion of Wi-Fi within the meaning of the local area communication base unit as used in the claims has no

Indeed, Mr. Blackburn's own testimony contradicts that a wireless internet router would constitute the required relay device. In addressing a micro BTS, Mr. Blackburn stated that a device that "is part of the wide area network. . .cannot relay information from the handset to the wide area network." (11/19 PM Tr. at 144:22–24.) In his infringement testimony, however, Mr. Blackburn was silent as to whether a wireless router relays information, testifying instead that "the iPhone is *connected to a Wi-Fi network* indicated by the Wi-Fi symbol. So we're connected to this local area base unit located a relatively short distance away." (11/14 PM Tr. at 41:7–10.) But, based on Mr. Blackburn's testimony, then, if a micro BTS does not relay information to the WAN because it is part of the WAN, a wireless internet router cannot relay information to the WAN because it is part of the Wi-Fi network. Under Mr. Blackburn's logic, either neither can relay, or both can relay.

### C. NetAirus's Alternative Response Is Improper

NetAirus's alternative request that the Court instruct that it may re-read testimony is disfavored in the Ninth Circuit "because of the emphasis it places on specific testimony and the delay it causes in the trial." *See U.S. v. Nolan,* 700 F.2d at 486. When a question of fact is asked by the jury, a court may tell the jury to rely on its memory or that the answer is a factual determination for the jury to make. *Id*. The Court should therefore decline to re-read specific testimony because of the emphasis it places on that testimony. *Id*. This is especially true where, as here, such evidence is disputed.

Dated: November 23, 2013      Respectfully submitted,

By: /s/ Mark C. Scarsi
MILBANK TWEED HADLEY & MCCLOY, LLP
*Attorneys for Defendant Apple Inc.*

---

bearing on the written description inquiry which requires the jury to decide for itself whether the remainder of the specification supports the claims.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017.

On November 23, 2013, I served the foregoing document described as **DEFENDANT APPLE INC.'S BRIEF REGARDING JURY NOTE NUMBER 7** on the interested parties in this action:

| | |
|---|---|
| Mark D. Roth | Mark B. Mizrahi |
| Orum & Roth LLC | Lance Pritikin |
| 53 West Jackson Boulevard, Suite 620 | Wolf Rifkin Shapiro |
| Chicago, IL  60604-3750 | Shulman & Rabkin LLP |
| Phone:  312-922-6262 | 11400 West Olympic Boulevard, 9th Fl. |
| Fax:  312-922-7747 | Los Angeles, CA 90064 |
| E-mail:  Markdroth@gmail.com | Phone:  310-478-4100 |
| PRO HAC VICE | Fax:  310-478-6363 |
| ATTORNEY TO BE NOTICED | E-mail:  mmizrahi@wrslawyers.com |
| | E-mail: lpritikin@wrslawyers.com |
| | ATTORNEY TO BE NOTICED |

Raymond P. Niro
Dean D. Niro
Joseph A. Culig
Robert A. Conley
Tahiti Arsulowicz
Niro, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: 312-236-0733
Fax: 312-236-3137
Email: rniro@nshn.com
E-mail: dniro@nshn.com
E-mail: jculig@nshn.com
E-mail: rconley@nshn.com
E-mail: arsulowicz@nshn.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

**X**     **BY ELECTRONIC TRANSMISSION**:  The foregoing document was

transmitted via the Court's ECF System to the parties listed on the attached service list.

__ **BY E-MAIL TRANSMISSION**: I caused the foregoing documents to be transmitted via electronic mail to the parties listed on the attached service list.

**X** **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 23, 2013, at Los Angeles, California.

/s/ Hannah L. Cannom
HANNAH L. CANNOM