MILBANK TWEED HADLEY & MCCLOY, LLP
  Mark C. Scarsi (Cal. State Bar No. 183926)
  mscarsi@milbank.com
  Christopher J. Gaspar (*pro hac vice*)
  cgaspar@milbank.com
  Chris L. Holm (Cal. State Bar No. 249388)
  cholm@milbank.com
  Hannah Cannom (Cal. State Bar No. 245635)
  hcannom@milbank.com
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017
Telephone: (213) 892-4000
Facsimile: (213) 629-5063
*Attorneys for Defendant Apple Inc.*

## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETAIRUS TECHNOLOGIES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No.: 2:10cv03257-JAK-E<br><br>**APPLE INC.'S OPPOSITION TO NETAIRUS' MOTION FOR NEW TRIAL PURSUANT TO FED. R. CIV. P. 59**<br><br>Date:           March 3, 2014<br>Time:          8:30 a.m.<br>Courtroom:    750<br>Hon. John A. Kronstadt |
| APPLE INC., a California corporation,<br><br>Counter-Claimant,<br><br>vs.<br><br>NETAIRUS TECHNOLOGIES, LLC, a California limited liability company,<br><br>Counter-Defendant. | |

# **TABLE OF CONTENTS**

I.      INTRODUCTION ............................................................................... 1

II.     LEGAL STANDARD ........................................................................ 1

III.    ARGUMENT ..................................................................................... 3

    A.    The Court Properly Instructed the Jury on Infringement and
        Written Description ..................................................................... 4

        1.    NetAirus's Proposed Instruction 41[N] on "Part-time
               Infringement" Was Unnecessary and Potentially
               Confusing ........................................................................ 4

        2.    NetAirus's Proposed Instruction on Written Description
               Was Unnecessary .......................................................... 7

        3.    There Was No Context for an Instruction During
               Deliberation on Claims in the Original Application
               Providing Written Description for Later-Added Claims .......... 11

    B.    The Court Did Not Err When It Modified the Construction of the
        Claim Term "E-Mail" .......................................................... 14

    C.    The Clear Weight of Evidence Supports the Jury Verdict ................. 17

IV.     CONCLUSION ............................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Advanced Display Sys., Inc. v. Kent State Univ.*,
212 F.3d 1272 (Fed. Cir. 2000) ................................................................. 2

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
598 F.3d 1336 (Fed. Cir. 2010) ........................................................ 12, 13

*Bell Comm'ns Research v. Vitalink Comm'ns Corp.*,
55 F.3d 615 (Fed. Cir. 1995) ................................................................... 6

*Biodex Corp. v. Loredan Biomedical, Inc.*,
946 F.2d 850 (Fed. Cir. 1991) ........................................................ passim

*Cordance Corp. v. Amazon.com, Inc.*,
658 F.3d 1330 (Fed. Cir. 2011) ................................................................ 3

*Dang v. Cross*,
422 F.3d 800 (9th Cir. 2005) ................................................................. 12

*Eli Lilly & Co. v. Aradigm Corp.*,
376 F.3d 1352 (Fed. Cir. 2004) ................................................................ 2

*Flex-Rest, LLC v. Steelcase, Inc.*,
455 F.3d 1351 (Fed. Cir. 2006) ................................................................ 2

*Gracie v. Gracie*,
217 F.3d 1060 (9th Cir. 2000) ................................................................. 2

*Hyatt v. Boone*,
146 F.3d 1348 (Fed. Cir. 1998) .............................................................. 12

*In re Koller*,
613 F.3d 819 (CCPA 1980) .................................................................... 13

*Jones v. Williams*,
297 F.3d 930 (9th Cir. 2002) ................................................................... 2

*Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*,
863 F.2d 867 (Fed. Cir. 1988) ............................................................... 10

*Landes Constr. Co. v. Royal Bank of Canada*,
  833 F.2d 1365 (9th Cir. 1987) ............................................................. 1

*Liebel-Flarsheim Co. v. Medrad, Inc.*,
  358 F.3d 898 (Fed. Cir. 2004) ........................................................... 10

*Markman v. Westview Inst., Inc.*,
  52 F.3d 967 (Fed. Cir. 1995), 517 U.S. 370 (1996) ........................... 17

*Mendez v. Cnty. of San Bernardino*,
  540 F.3d 1109 (9th Cir. 2008) ............................................................. 3

*Northern Telecom, Inc. v. Datapoint Corp.*,
  908 F.2d 931 (Fed. Cir. 1990) ........................................................... 12

*Northpoint Tech., Ltd. v. MDS Am., Inc*,
  413 F.3d 1301 (Fed. Cir. 2005) ........................................................... 3

*Oliveras v. U.S. Lines Co.*,
  318 F.2d 890 (2d Cir. 1963) ................................................................ 2

*Paper Converting Mach. Co. v. Magna-Graphics Corp.*,
  745 F.2d 11 (Fed. Cir. 1984) ........................................................... 6, 7

*Silver Sage Partners, Ltd. v. City of Desert Hot Springs*,
  251 F.3d 814 (9th Cir. 2001) ............................................................... 1

*Sofamor Danek Grp. v. DePuy–Motech*,
  74 F.3d 1216 (Fed. Cir.1996) ........................................................... 17

*Sulzer Textil A.G. v. Picanol N.V.*,
  358 F.3d 1356 (Fed. Cir. 2004) ........................................................... 2

*United States v. 4.0 Acres of Land*,
  175 F.3d 1133 (9th Cir. 1999) ............................................................. 1

*United States v. Abushi*,
  682 F.2d 1289 (9th Cir. 1982) ............................................................. 2

*United States v. Soulard*,
  730 F.2d 1292 (9th Cir. 1984) ............................................................. 2

*Univ. of Rochester v. G.D. Searle & Co.*,
  358 F.3d 916 (Fed. Cir. 2004) ............................................................. 8

APPLE INC.'S OPPOSITION TO NETAIRUS' MOTION FOR NEW TRIAL PURSUANT TO FED. R. CIV. P. 59

*Ursich v. Da Rosa*,
   328 F.2d 794 (9th Cir. 1964) ............................................................. 3, 7

*Van Cleef v. Aeroflex Corp.*,
   657 F.2d 1094 (9th Cir. 1981) ........................................................... 2, 9

*Yan Fang Du v. Allstate Ins. Co.*,
   697 F.3d 753 (9th Cir. 2012) ........................................................... 3, 13

**STATUTES**

35 U.S.C. § 112 ...................................................................................... 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 50(b) ..................................................................... 5, 13, 17

Fed. R. Civ. P. 59 .............................................................................. 1, 4

APPLE INC.'S OPPOSITION TO NETAIRUS' MOTION FOR NEW TRIAL PURSUANT TO FED. R. CIV. P. 59

## I.   INTRODUCTION

The Court should deny NetAirus's Motion for a New Trial (ECF No. 708) because there are no grounds to support the extreme relief NetAirus seeks. NetAirus begins its motion by suggesting, incorrectly, that there is a low hurdle for establishing a right to a new trial.  NetAirus then argues that the jury's verdict of no infringement and multiple grounds of invalidity were the product of improper jury instructions.  That is plainly not true, as the applicable case law and NetAirus's own conduct at trial each confirm.

NetAirus's revisionist recounting of the trial in no way justifies the extreme relief it seeks in the present motion.

## II.   LEGAL STANDARD

A new trial under Federal Rule of Civil Procedure 59 is warranted only if "the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001) (quoting *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999).  "[A] district court may not grant or deny a new trial merely because it would have arrived at a different verdict." *Id*.  While the trial judge does not sit to approve miscarriages of justice, "a decent respect for the collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter." *Landes Constr. Co. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987).

To justify a new trial because of error in jury instructions, the moving party must "both prove the jury instructions read *in their entirety* were incorrect or incomplete as given and then demonstrate that the suggested instruction *could have cured* the error." *Biodex Corp. v. Loredan Biomedical, Inc.*, 946 F.2d 850, 854 (Fed. Cir. 1991) (emphasis added).  In a patent case, the Federal Circuit

-1-

applies the law of the regional circuit in reviewing generally whether jury instructions are erroneous. *Flex-Rest, LLC v. Steelcase, Inc.*, 455 F.3d 1351, 1357 (Fed. Cir. 2006) (citing *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1359 (Fed. Cir. 2004)). However, whether a jury instruction on an issue of patent law is erroneous is a matter of Federal Circuit law. *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1363 (Fed. Cir. 2004) (citing *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000)). Regardless of whether the instruction pertains to patent law or not, the Federal Circuit has observed that "[t]here is no dispute among the circuits, nor in our own jurisprudence, that a judgment should be altered 'because of a mistake in jury instructions only if the error was prejudicial' and that we must 'look to the *entire* jury charge ... to determine whether the instructions fairly stated the legal principles to be applied by the jury." *Biodex*, 946 F.2d at 853 (emphasis added) (citations omitted).

As long as the jury instructions fairly and adequately cover the issues presented, a trial court has substantial latitude in tailoring them. *United States v. Soulard*, 730 F.2d 1292, 1303 (9th Cir. 1984) (citing *United States v. Abushi*, 682 F.2d 1289, 1299 (9th Cir. 1982); *see also Gracie v. Gracie*, 217 F.3d 1060, 1067 (9th Cir. 2000) ("The formulation of jury instructions is within the discretion of the trial court.") (citation omitted). "A trial judge need not incorporate every proposition of law suggested by counsel so long as he adequately covers the principles necessary for jury guidance." *Van Cleef v. Aeroflex Corp.*, 657 F.2d 1094, 1099 (9th Cir. 1981) (citations omitted); *see also Biodex*, 946 F.2d at 854 ("A party has no vested right in its own carefully couched form of words in an instruction, because 'the court is not required to give instructions in the language and form requested.'") (quoting *Oliveras v. U.S. Lines Co.*, 318 F.2d 890, 892 (2d Cir. 1963)). A proposed jury instruction is proper only "if it is supported by law and has foundation in the evidence." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Support for an instruction requires sufficient evidentiary foundation.

*Yan Fang Du v. Allstate Ins. Co.*, 697 F.3d 753, 757 (9th Cir. 2012) (citing *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1117–18 (9th Cir. 2008). If the proposed instruction is incorrect, the court may reject it, and the court is not required to recast the instruction. *Id.*; *see also Ursich v. Da Rosa*, 328 F.2d 794, 797 (9th Cir. 1964) (affirming district court's decision not to rewrite appellant's proposed instruction framed in a manner unfairly favorable to appellant).

Importantly, "[a] failure of proof with respect to any single item of evidence does not justify a grant of either JMOL or a new trial; even if some of the proposed factual grounds … are not generally sufficient to support a verdict, that is not fatal, because the critical question is whether the evidence, taken as a whole, was sufficient to support the jury's verdict." *Cordance Corp. v. Amazon.com, Inc.*, 658 F.3d 1330, 1339 (Fed. Cir. 2011) (quoting *Northpoint Tech., Ltd. v. MDS Am., Inc*, 413 F.3d 1301, 1311 (Fed. Cir. 2005)).

**III.   ARGUMENT**

NetAirus alleges three errors that it contends justify a new trial: (1) certain jury instructions were incomplete, (2) the claim construction for "email" was changed during trial, and (3) the verdict was against the weight of the evidence. But NetAirus cannot carry its burden on *any* of these grounds, and NetAirus would have to prevail on each of them to be entitled to a new trial. The jury's finding of no liability for patent infringement would stand if ***any one*** of the several following aspects of the verdict are supported such that no miscarriage of justice has occurred: (1) no direct infringement, (2) invalidity due to lack of written description supporting the "e-mail sent and received by a handset" aspect of the claims, (3) invalidity due to lack of written description supporting the "PDA functions in a handset" aspect of the claims, (4) invalidity due to lack of written description supporting the "selective communication" aspect of the claims, (5) invalidity due to obviousness in view of the Nokia 9000 prior art combinations,

(6) invalidity due to obviousness in view of the IBM Simon prior art combinations.

Here, all six are so supported.

### A. The Court Properly Instructed the Jury on Infringement and Written Description

#### 1. NetAirus's Proposed Instruction 41[N] on "Part-time Infringement" Was Unnecessary and Potentially Confusing

NetAirus contends that the Court's decision not to read NetAirus's part-time infringement instruction justifies a new trial. NetAirus, however, cannot show it was prejudiced because the Court provided fulsome and proper jury instructions regarding direct infringement in other portions of its comprehensive instructions to the jury.

First, the preliminary instructions explained that the claims at issue in the case are method claims and that infringement of a method claim simply requires performance of all of the requirements of the method claim:

> A claim sets forth in words, a set of requirements. . . . The asserted claims of the '380 patent are method claims; therefore, if performance of a method satisfies each of these requirements, then it is covered by the claim. . . . When a thing, in this case, a method, meets all of the requirements of a claim, the claim is said to cover that thing and that thing is said to fall within the scope of that claim. In other words, a claim covers a method or each of the claim elements or limitations present in that method.

Declaration of Chris L. Holm in Support of Apple's Opposition to NetAirus's Motion for New Trial Pursuant to Fed. R. Civ. P. 59 ("Holm Decl.") at ¶ 2, Ex. A, 11/12/2013 PM Tr. at 16:12–17:3. After the close of evidence, the jury heard similar instructions on what constitutes infringement of method claims. *Id.* ¶ 3, Ex. B, 11/20/2013 AM Tr. at 17:7–12. The Court later reiterated that Apple directly infringed if it performed each step of a method claim:

> Method claims are directly infringed only when a single party can be charged with performing each step of the asserted patent claim. To prove direct infringement[] in this case, NetAirus must prove that Apple alone—not its customers or some other party—performed each step of the asserted patent claim using an accused iPhone 4.

*Id.* ¶ 3, Ex. B, 11/20/2013 AM Tr. at 21:24–22:5.  No jury instruction suggested that Apple could avoid infringement by performing the claimed steps only some of the time rather than all the time.  Method claims are by definition directed to performance of recited steps, and it is inherent in the performance of steps that there may be times when steps are being performed and times when steps are not being performed.

Furthermore, the instructions were a hybrid of the Model Patent Jury Instructions for the Northern District of California and the Federal Circuit Bar Association's Model Patent Jury Instructions, and NetAirus does not suggest in its Motion that any of these instructions given were wrong.  NetAirus even agreed to Instruction No. 38 on Direct Infringement.  ECF No. 636.

Regardless, even assuming *arguendo* that NetAirus was able to show that the jury instructions ***in their entirety*** ultimately amounted to legal error, NetAirus cannot make the additional requisite showing that its proposed instruction 41[N] would have corrected the error.  *See Biodex,* 946 F.2d at 854.  Putting it another way, even if the jury was provided NetAirus's proposed "part-time infringement" instruction, the verdict would remain unchanged because NetAirus did not provide evidence of direct infringement—whether part-time or otherwise—of any of the asserted claims.  As discussed in depth in Apple's Opposition to NetAirus's Renewed Motion for JMOL Pursuant to Fed. R. Civ. P. 50(b) (filed concurrently herewith), NetAirus failed to present evidence of any instance of Apple using an iPhone 4 to perform all claim requirements, e.g., to transmit an email over Wi-Fi while the power level limitation was met.  NetAirus therefore cannot say with any degree of certainty that if the jury had received proposed instruction 41[N], it would have returned a verdict of infringement.

The Court's decision not to read NetAirus's proposed instruction did not unfairly prejudice NetAirus.  On the contrary, the Court declined to instruct the jury with NetAirus's proposed instruction 41[N], because it was "unnecessary and

potentially confusing." ECF No. 638 at 2.  There was nothing in proposed instruction 41[N] or in the evidence that would have helped the jury understand what constituted "imperfect practice of an invention."  Offering the proposed instruction as a test for part-time infringement would only have led to juror confusion.

The potential for confusion is further highlighted by considering the source of  NetAirus's "imperfect practice" concept embodied in its proposed instruction. When proposing instruction 41[N], NetAirus cited *Bell Comm'ns Research v. Vitalink Comm'ns Corp.*, 55 F.3d 615, 622–23 (Fed. Cir. 1995) and *Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 20 (Fed. Cir. 1984). ECF No. 515-1 at 38.  Although *Bell* quotes from *Paper Converting*, there is nothing else in *Bell* to explain what constitutes "imperfect practice."  But the facts of *Paper Converting* make it clear that "imperfect practice" is not the same as "part-time infringement."

The accused infringer in *Paper Converting* "intended to finesse [the patentee] out of the sale of a machine on which [the patentee] held a valid patent during the life of that patent."  745 F.2d at 19.  To effectuate that objective, the accused infringer "built and tested a patented machine, albeit in a less than preferred fashion."  *Id*.  The concept of "imperfect practice" comes from the way the accused infringer tested the machine.  Instead of testing a complete and clearly infringing machine, "significant, unpatented assemblies of elements [were] tested during the patent term, enabling the infringer to deliver the patented combination in parts to the buyer, without testing the entire combination together as was the infringer's usual practice."  *Id*. at 19–20.  Under those facts, the *Paper Converting* court determined that "testing the [unpatented] assemblies can be held to be in essence testing the patented combination and, hence, infringement."  *Id*. at 20.  The *Paper Converting* court stated in summary "[t]hat the machine was not operated in

-6-

its optimum mode is inconsequential: imperfect practice of an invention does not avoid infringement." *Id*.

In the instant case, there are no facts comparable to the facts of *Paper Converting* that would have supported proposed instruction 41[N] that "[i]mperfect practice of an invention does not avoid infringement." Accordingly, because the "imperfect practice" language in proposed instruction 41[N] was likely to confuse the jury, the Court properly rejected the proposed instruction. Further, the Court had no obligation to recast proposed instruction 41[N]. *Ursich*, 328 F.2d at 797 (affirming district court's decision not to rewrite appellant's proposed instruction framed in a manner unfairly favorable to appellant).

### 2. NetAirus's Proposed Instruction on Written Description Was Unnecessary

NetAirus also suggests that the Court made prejudicial errors concerning jury instructions on written description. But again, the record clearly shows that the Court properly instructed the jury on the standards for written description.

First, NetAirus argues that the Court erred in adopting Apple's proposed written description instruction that was based on the Northern District of California Model Patent Jury Instructions. Instead of adopting this instruction, NetAirus contends the Court should have adopted its proposed instruction from the Federal Circuit Bar Association that included the following language:

> In the patent application process, the applicant may keep the originally filed claims, or change the claims between the time the patent application is first filed and the time a patent is issued. . . . These changes may narrow or broaden the scope of the claims. . . .
>
> The written description requirement may be satisfied by any combination of the words, structures, figures, diagrams, formulas, etc., contained in the patent application.

ECF No. 708 at 12.

NetAirus contends its proposed instruction was necessary "to instruct the jury regarding evidence in the record that showed compliance with the written

description requirement." ECF No. 708 at 10. But reviewing the jury instructions as a whole confirms that the instructions on written description were proper as given and that NetAirus's proposed instruction was unnecessary. The instructions on written description that the Court ultimately gave to the jury are almost verbatim from the Northern District of California Model Patent Jury Instructions.

Furthermore, the part of NetAirus's proposed instruction regarding keeping original claims, changing the claims, and that those changes can narrow or broaden the scope of claims, has little if any relationship to the requirement for written description. The law of written description requires that the patent provide an adequate written description of the invention. 35 U.S.C. § 112; *Univ. of Rochester v. G.D. Searle & Co.*, 358 F.3d 916, 926–28 (Fed. Cir. 2004). Whether or not an inventor changes the claims after filing the patent application is inconsequential to a written description analysis, and thus as a general matter need not be included in the written description jury instructions.

In any event, the jury was well-informed of a patentee's option to change the claims during patent prosecution. The Federal Judiciary video shown to the jury by stipulation of the parties on the first day of trial described the process of patent examination before the USPTO and the ability for a patent applicant to amend the originally filed claims. And on direct examination Mr. Ditzik testified that the patent office allowed him to amend his claims during the application and reexamination process:

> Q. Do you know what the purpose of the claims are?
> A. Yes.
> Q. What?
> A. To provide the boundaries of the – of my invention.
> Q. And in this process, did you write the claim initially and go through the process of amending them in response to the positions of the patent office?
> A. Yes.
> Q. What did you do?
> A. I submitted the claim and went through a long dialogue with the patent office in an attempt to get the claims allowed.

Holm Decl. ¶ 4, Ex. C, 11/13/2013 AM Tr. at 34:9–19. He further testified:

> Q.  Did the patent office ever find, in words or in substance or in any other way in this reexamination, that you did something wrong in amending your claims?
> A.  No.

*Id.* ¶ 4, Ex. C, 11/13/2013 AM Tr. at 68:11–14.  Thus, the jury was clearly informed about the process of amending claims during prosecution and reexamination.  NetAirus's proposed instruction on this issue therefore would not have changed the jury's verdict.

NetAirus's argument as to the second portion of the rejected "critical instructions" regarding what may satisfy the written description requirement is particularly meritless.  Indeed, one of the instructions provided immediately after the Federal Judiciary video provided essentially the same instruction NetAirus complains was omitted.  That instruction stated:

> Before you can decide many of the issues in this case, you will need to understand the role of patent claims.  The patent claims are the numbered sentences at the end of each patent.  The claims are important because it is the words of the claims that define what a patent covers. ***The figures and text in the rest of the patent provide a description and/or examples of the invention*** and provide a context for the claims, but it is the clams that define the breadth of the patent's coverage.

Holm Decl. ¶ 2, Ex. A, 11/12/2013 PM Tr. at 15:8–16 (emphasis added).  The Court repeated that instruction verbatim at the close of evidence.  *Id.* ¶ 3, Ex. B, 11/20/2013 Tr. at 16:1–11.  When the entire jury charge is considered, particularly in light of testimony from Mr. Ditzik, it becomes clear there is no "omitted instruction" on written description that would constitute error.  *See Biodex*, 946 F.2d at 854; *Van Cleef*, 657 F.2d at 1099.

NetAirus further argues that closing arguments by Apple's counsel suggested that "changes in claim scope during prosecution were somehow improper and that only the verbatim text of the specification mattered in determining adequacy of written description."  ECF No. 708 at 12.  In closing arguments, Apple's counsel summarized the prosecution of the '380 patent and

-9-

stated: "Looking at Mr. Ditzik's original claims side-by-side to his new claims they're almost completely different.  *Mr. Ditzik was claiming things that he didn't disclose in his original specification.  He was claiming things that he had read about after the fact*.  In our patent system, you can't do that.  That's not fair.  It's not playing fair with everybody else."  ECF No. 708 at 13.

NetAirus argues this statement misled the jury because "amending patent claims during prosecution to cover the commercial products of others is perfectly proper."  But, the case cited by NetAirus for that proposition expressly acknowledges that it is *improper to broaden claims during prosecution to cover a competitor's products if the disclosure does not support those broadened claims*. *Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 909 n.2 (Fed. Cir. 2004) ("[I]t is not improper for an applicant to broaden his claims during prosecution in order to encompass a competitor's products, as long as the disclosure supports the broadened claims.") (citing *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc*., 863 F.2d 867, 874 (Fed. Cir. 1988)).  There was nothing misleading in any of Apple's closing arguments, and the arguments on broadening claim amendment and the requirement for written description to support any such broadening amendment is fully supported in hornbook patent law.

In any event, the Court instructed the jury in both the preliminary and final jury instructions that attorney arguments made during opening and closing argument are not evidence.  Holm Decl. ¶ 2, Ex. A, 11/12/2013 PM Tr. at 22:9–13; *Id.* ¶ 3, Ex. B, 11/20/2013 Tr. at 14:5–10.  Moreover, NetAirus, as the Plaintiff, had the last opportunity to address the jury in closing, and could have corrected any misleading statements by Apple.  NetAirus did no such thing, opting instead to introduce irrelevant passages from "Life's Little Instruction Book."  *Id.* ¶ 3, Ex. B, 11/20/2013 Tr. at 100:16–101:4.

**3.      There Was No Context for an Instruction During Deliberation on Claims in the Original Application Providing Written Description for Later-Added Claims**

NetAirus also argues that the Court erred in its response to a jury question during deliberation.  ECF No. 708 at 16–18.  The jury question was:

> Does the term "written description" asked in Question 4 of the jury verdict, refer to the words within the section termed "Detailed Description" on pg. 1306-00012 of Patent '380, <u>OR</u> to the words within the claims of the same patent?

ECF No. 678 at 1.  The Court's response was:

> The term "written description" as used in Question 4 of the Verdict Form means what is contained in the portion of the '380 patent (Exhibit 1306) starting on its first page (1306-00001) through and including column 13, line 46 on its 17th page (1306-00017).  This includes all text and figures on these pages.  It does not include the claims which begin on column 13, line 47 on page 17.

ECF No. 678 at 2.

There are at least three reasons why the Court's response does not merit a new trial: (i) NetAirus offered no evidence that the original claims provided sufficient written description; (ii) the Court's response is an accurate statement of the law; and (iii) this argument by NetAirus only applies to one of the three bases on which the jury properly concluded that the patent was invalid for lack of written description.

First, at trial, NetAirus argued that the contested claim terms had written description in the text and figures of the application, but did not introduce any evidence or argument that any original claim might provide the required written description for any of the contested claim limitations.  The Court's response to the jury question thus was proper.  And because the evidence was closed and both parties had rested, it would have been improper to instruct the jurors that they could look to the original claims of the patent application as filed when no such evidence was presented at trial.

-11-

1      NetAirus contends that the Court's response was in error and "erroneously

2 instructed the jury regarding what could be considered in determining whether the

3 written description requirement was satisfied."  ECF No. 708 at 10.  NetAirus is

4 wrong.

5      A proposed jury instruction must have support in the evidence.  *Dang v.*

6 *Cross*, 422 F.3d 800, 804–05 (9th Cir. 2005) (a proposed jury instruction is proper

7 only "if it is supported by law and has foundation in the evidence").  Beginning

8 with the June 10, 2011 Expert Report on Invalidity by Prof. Rodriguez, Apple has

9 argued that claims of the '380 patent are invalid for lack of written description.

10 ECF No. 62, Exhibit C at 50 (filed under seal).  In that initial Invalidity Report,

11 and subsequent reports, discovery, and pleadings, Apple identified a number of

12 claim terms that lacked written description.  At trial, Apple selected and argued a

13 subset of those claim terms to show invalidity for lack of written description.

14 NetAirus argued that the text and figures of the application provided adequate

15 written description, but did not even suggest that any original claim might provide

16 the required written description for any of the contested claim limitations.  Thus,

17 when the jury asked a question about "what it was permitted to look at in deciding

18 the written description question" (ECF No. 708 at 16), NetAirus took it as an

19 opportunity to introduce and potentially highlight new evidence to the jury during

20 its deliberations, even though no party had raised the issue at trial.  In working to

21 answer the jury question, there was extensive discussion about whether a patentee

22 could rely on original claims as written description to support the statutory

23 requirement.  *See generally* Holm Decl. ¶ 5, Ex. D, 11/21/2013 Tr.  This included

24 discussion of *Hyatt v. Boone*, 146 F.3d 1348 (Fed. Cir. 1998); *Northern Telecom,*

25 *Inc. v. Datapoint Corp.*, 908 F.2d 931 (Fed. Cir. 1990); and *Ariad Pharms., Inc. v.*

26 *Eli Lilly & Co.*, 598 F.3d 1336 (Fed. Cir. 2010).  *Id.* at 12–14.

27      In the end, and as NetAirus acknowledges in its Motion, the Court properly

28 determined that "there may be occasions where you can look at the claims in

connection with defining the written description." ECF No. 709-6 at 14. The Court also stated "that's when the claims are the original claims." *Id.* Although NetAirus contends that is an incorrect statement of the law, it became unimportant because the Court went on to say: "[b]eyond that, in the course of the trial, this [theory] wasn't advanced to the jury as an argument. . . . It just didn't happen. So at this point if we were to tell the jury as part of your task in determining the written description, you should go back to the original patent and look at those claims, they don't have the context in which to do that." ECF No. 709-6 at 15.

Thus, the Court correctly declined to instruct the jury on original claims as possible support for written description, at least in part because there was no context to support the instruction. Without context for the jurors to determine which original claims they should look at, and some guidance from testimony on whether those original claims described the asserted claims, giving such an instruction during deliberation as requested by NetAirus would have been improper because it lacked "sufficient evidentiary foundation." *See Yan Fang Du*, 697 F.3d at 757. There was no error when the Court excluded NetAirus's proposed instruction on original claims of the patent application as filed based on the evidence that NetAirus presented to the jury.

Second, the Court's instruction correctly matched the law to the evidence. The original claims of a patent may provide written description, but only for those claims. *Ariad*, 598 F.3d 1336; *see In re Koller*, 613 F.3d 819 (CCPA 1980) (original claims constitute their own description). For a later-added claim to be described by original claims, such later-added claim must be of similar scope and wording. *In re Koller*, 613 F3d at 823–24. As discussed more fully in Apple's Opposition to NetAirus's Renewed Motion for JMOL Pursuant to Fed R. Civ. P. 50(b) (filed concurrently herewith) at Section III.C.1.c., the original claim is of a vastly different scope and wording than the later-added claims, and so it was

entirely proper for the Court to decline to instruct the jury that the original claims provided written description for the considerably altered, later claims.

Finally, to the extent an original claim might have provided written description for selective communication of the handset as argued by NetAirus, the jury still had two other grounds on which to base their finding that the '380 patent was invalid for lack of written description. Notably, NetAirus does not mention either of them, and for that reason alone, the Court should not disturb the verdict and should deny the motion.

**B.** **The Court Did Not Err When It Modified the Construction of the Claim Term "E-Mail"**

NetAirus argues that a new trial is appropriate because shortly before Mr. Blackburn presented NetAirus's rebuttal case, the Court "changed its construction of 'e-mail' so that it did not include 'GSM text messaging.'" ECF No. 708 at 20. But NetAirus seriously misrepresents the record. As an initial matter, the only disputed claim term NetAirus identified at the January 9, 2012 hearing was "handset unit." ECF No. 141, 1/9/2012 Hr'g Tr. at 19:15–19 ("So the only disputed claim term that's at issue in this case and that's briefed in the motion for summary judgment is, what does 'handset unit' mean."). Before trial, NetAirus specifically requested that the term e-mail be given its plain meaning. ECF No. 99-1.

In considering NetAirus's Motion *in Limine* No. 1 to Preclude Apple from Presenting Evidence of Apple's Proposed Claim Constructions and Evidence Based on Those Claim Constructions, the Court asked for briefing on the "scope of the claim term 'e-mail.'" ECF No. 614 at 1. In briefing that occurred just days before trial, NetAirus proposed an overly narrow claim construction for the term e-mail to avoid the prior art. To support its proposed construction, NetAirus relied on an expert declaration by Mr. Blackburn that NetAirus submitted during the reexamination as evidence that scope of the claim term had been disclaimed.

1    Likely assuming the proposed construction accurately reflected the scope of

2    the claim term that had been disclaimed during reexamination, the Court adopted

3    the verbatim text of NetAirus's proposed construction.[1]  ECF No. 614 at 4

4    ("NetAirus's arguments during the reexamination constituted a disclaimer of claim

5    scope.").  But, the Court was misled by NetAirus in coming to that decision.

6    Indeed, the construction proposed by NetAirus to the Court was different than what

7    NetAirus actually argued during reexamination.

8    In the declaration submitted by Mr. Blackburn during reexamination, Mr.

9    Blackburn stated: "There is no basis to construe these terms to include anything

10   other than computer Email.  The SMS, COMS, fax note, and facsimile messaging

11   described in EP 0671721 (hereinafter "Moore") are not computer Email and no one

12   skilled in the art would refers [sic] to these different messaging techniques as

13   computer Email."  DTX 853-00357.  However, when NetAirus later proposed its

14   claim construction to this Court, it added GSM and X.400 to that list:

| Reexamination Declaration of Mr. Blackburn | NetAirus's Proposed Claim Construction |
|---|---|
| The SMS, COMS, fax note, and facsimile messaging described in EP 0671721 (hereinafter "Moore") are not computer Email and no one skilled in the art would refers [sic] to these different messaging techniques as computer Email. | "'E-mail' does not include the following types of messaging or protocols: SMS, *GSM*, COMS, *X.400*, or facsimile/fax note." |

21   DTX 853-00357; ECF No. 570 at 2 (emphasis added).

22   In his PTO declaration during reexamination, Mr. Blackburn *never stated*

23   that e-mail does not include GSM or X.400.  Instead, NetAirus added those terms

24   to the proposed claim construction for e-mail in this litigation, without any

25   discussion or explanation.  NetAirus neglected to inform the Court that the

26   proposed construction was not coextensive with any "disclaimer of claim scope"

27

28   _____

[1]  Apple expressly reserves its rights to challenge the construction of e-mail as adopted by the Court in subsequent proceedings.

that might have occurred during reexamination.  NetAirus told the Court that its proposed construction for e-mail "tracks Mr. Blackburn's explanation to the U.S. Patent and Trademark Office."  ECF No. 570 at 4.

On the evening of November 18th, NetAirus served Apple with the demonstratives it intended to use during Mr. Blackburn's rebuttal testimony the next day.  In reviewing PDX 251, Apple became aware that NetAirus intended to take advantage of this construction of e-mail to argue that the prior art does not render the claims invalid as obvious.  In particular, it appeared that Mr. Blackburn would argue – using the disguisedly narrow construction of "email" – that "email" in the claims did not include traditional e-mail if that e-mail was sent over the GSM network.  This was a clear misapplication of the Court's construction, as the Court construed "email" to include traditional e-mail, being sent from one domain to another.  (ECF No. 614 at 4.)  What the Court sought to exclude in its construction was messaging protocols, such as SMS messaging and ***GSM text messaging***.  (*Id.*)  But because a user sent e-mail over a GSM connection in the prior art combinations, NetAirus hoped to convince the jury that e-mail over GSM did not correspond to e-mail in the claims.  *See* PDX 251.

Apple raised the issue with NetAirus in a meet and confer on the evening of November 18th.  Apple then raised the issue with the Court on the next morning outside of the presence of the jury.  Holm Decl. ¶ 6, Ex. E, 11/19/2013 AM Tr. at 2:25–3:3; 19:25–20:2.  The parties and the Court revisited the issue immediately after Apple rested without the jury present.  *Id.* ¶ 6, Ex. E, 11/19/2013 PM Tr. at 78:23–79:7; 85:19–86:24.  Notably, counsel for NetAirus continued to argue during this time—incorrectly— that "the GSM protocol is not an email and ***that's how we limited the claim in the reexamination and that was the exact language we used*** and the exact language you took out of that portion of. . . ."  *Id.* ¶ 6, Ex. E, 11/19/2013 PM Tr. at 97:17–19 (emphasis added).  This argument by NetAirus

was a further effort to mislead the Court on the scope of coverage that NetAirus
might have disclaimed during reexamination.

Ultimately, after considering NetAirus's PDX 251, the Court acknowledged
that the construction for e-mail "needs a slight clarification because this issue
wasn't framed in quite this way at the time." *Id.* ¶ 6, Ex. E, 11/19/2013 PM Tr. at
96:18–21. The Court then offered the clarified construction as: "Email does not
include the following types of messaging or protocols: SMS, GSM text messaging,
COMS, X.400 and so on." *Id.* ¶ 6, Ex. E, 11/19/2013 PM Tr. at 97:8–9.

Far from being improper or prejudicial to NetAirus, the Court's clarification
of the construction of e-mail during trial was necessary to prevent furtherance of
NetAirus's misleading argument and potential juror confusion. Indeed, the
clarification simply forced NetAirus to operate commensurate with the boundaries
of what it had argued during the reexamination.[2]

### C. The Clear Weight of Evidence Supports the Jury Verdict

NetAirus argues that a new trial is also warranted because "there is no
substantial evidence that can support the jury's verdict on direct infringement and
invalidity." ECF No. 708 at 21. NetAirus does not specifically discuss any
evidence, but instead directs the Court to NetAirus's Memorandum of Points and
Authorities in Support of its Renewed Motion for JMOL. *Id.*

For all the reasons provided in Apple's Opposition to NetAirus's Renewed
Motion for JMOL Pursuant to Fed R. Civ. P. 50(b) (filed concurrently herewith),
the jury verdict on infringement and validity is fully supported by the evidence.

---

[2] Nor was the timing of the claim construction improper, as there is no requirement
that Courts construe claims at any particular point in a trial, even including after
the close of evidence. *Markman v. Westview Inst., Inc.*, 52 F.3d 967, 981 (Fed.
Cir. 1995) (en banc) (explaining that a court may announce claim constructions "in
framing its charge to the jury … ."), *aff'd*, 517 U.S. 370 (1996); *Sofamor Danek
Grp. v. DePuy–Motech*, 74 F.3d 1216, 1221 (Fed. Cir.1996) ("*Markman* does not
obligate the trial judge to conclusively interpret claims at an early stage in a
case.").

Because the clear weight of evidence supports the verdict, the Court should deny NetAirus's motion for a new trial.

**IV.     CONCLUSION**

The Court may only grant a new trial because of an alleged error in jury instructions if the moving party "both prove[s] the jury instructions read in their entirety were incorrect or incomplete as given and then demonstrate[s] that the suggested instruction could have cured the error." *Biodex*, 946 F.2d at 854.  Here, NetAirus establishes neither prerequisite, and also fails to show that the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.  The Court should deny NetAirus's motion in its entirety.


Dated:  February 7, 2014                    Respectfully submitted,


                                            By: /s/ Mark C. Scarsi
                                                MILBANK TWEED HADLEY &
                                                MCCLOY, LLP
                                                Mark C. Scarsi
                                                Christopher J. Gaspar
                                                Chris L. Holm
                                                Hannah L. Cannom

                                                *Attorneys for Defendant Apple Inc.*

APPLE INC.'S OPPOSITION TO NETAIRUS' MOTION FOR NEW TRIAL PURSUANT TO FED. R. CIV. P. 59

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 601 South Figueroa Street, 30th Floor, Los Angeles, California 90017.

On February 7, 2014, I served the foregoing document described as **APPLE INC.'S OPPOSITION TO NETAIRUS' MOTION FOR NEW TRIAL PURSUANT TO FED.R.CIV.P. 59** and related documents on the interested parties in this action:

Mark D. Roth
Orum & Roth LLC
53 West Jackson Boulevard, Suite 620
Chicago, IL  60604-3750
Phone:  312-922-6262
Fax:  312-922-7747
E-mail:  Markdroth@gmail.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

Mark B. Mizrahi
Lance Pritikin
Wolf Rifkin Shapiro
Shulman & Rabkin LLP
11400 West Olympic Boulevard, 9th Fl.
Los Angeles, CA 90064
Phone:  310-478-4100
Fax:  310-478-6363
E-mail:  mmizrahi@wrslawyers.com
E-mail:  lpritikin@wrslawyers.com
ATTORNEY TO BE NOTICED

Raymond P. Niro
Dean D. Niro
Joseph A. Culig
Robert A. Conley
Niro, Haller & Niro
181 W. Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: 312-236-0733
Fax: 312-236-3137
Email:  rniro@nshn.com
E-mail:  dniro@nshn.com
E-mail:  rconley@nshn.com
PRO HAC VICE
ATTORNEY TO BE NOTICED

**X**   **BY ELECTRONIC TRANSMISSION**:  The foregoing document was transmitted via the Court's ECF System to the parties listed on the attached service list.

__   **BY E-MAIL TRANSMISSION**:  I caused the foregoing documents to be transmitted via electronic mail to the parties listed on the attached service list.

__   **BY FACSIMILIE**:  I faxed the foregoing documents to the office(s) of the parties listed on the attached service list.

**X**   **(FEDERAL)**  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

-19-

1

2      Executed on February 7, 2014, at Los Angeles, California.

3

4                            /s/ Lindsey Rizzo
                             LINDSEY RIZZO

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28