Exhibit E

```
                    UNITED STATES DISTRICT COURT

         CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

                   HONORABLE JOHN A. KRONSTADT

               UNITED STATES DISTRICT JUDGE PRESIDING

                              - - -


NETAIRUS TECHNOLOGIES, LLC,         )
                                    )
              PLAINTIFF,            )
                                    )
VS.                                 ) CV10-3257-JAK
                                    )
APPLE, INC.,                        )
                                    )
              DEFENDANT.            )
_____)




              REPORTER'S TRANSCRIPT OF TRIAL PROCEEDINGS

                      DAY FIVE, MORNING SESSION

                      LOS ANGELES, CALIFORNIA

                TUESDAY, NOVEMBER 19, 2013, 8:30 AM




              _____

                  ALEXANDER T. JOKO, CSR NO. 12272
                   FEDERAL OFFICIAL COURT REPORTER
                255 EAST TEMPLE STREET, ROOM 181-F
                       LOS ANGELES, CA 90012
                         AJ_CSR@YAHOO.COM
```

| | |
|---|---|
| 1 | MR. CULIG:  THANK YOU, YOUR HONOR. |
| 2 | THE COURT:  THANK YOU.  JUST A MINUTE. |
| 3 | IN TERMS OF YOUR OBJECTIONS ON WHICH I'VE |
| 4 | RULED, I STUDIED THE VARIOUS INSTRUCTIONS THAT WERE AT |
| 5 | ISSUE THAT -- THE MODEL INSTRUCTIONS.  I LOOKED |
| 6 | CAREFULLY AT YOUR PROPOSED CHANGES TO THOSE.  I STARTED |
| 7 | BY TRYING TO ADOPT AND MODIFY.  BUT I ULTIMATELY |
| 8 | CONCLUDED THAT THE FORM INSTRUCTIONS WHICH WERE AT |
| 9 | ISSUE WERE ADEQUATE AND APPROPRIATE AND THAT THESE |
| 10 | CHANGES, I THINK, CREATED ISSUES. |
| 11 | ONE OF THE FORM INSTRUCTIONS, YOU HAD |
| 12 | CHANGED THE ORDER OF THE INSTRUCTION, THE PARAGRAPHS. |
| 13 | I PUT IT BACK IN THE ORDER OF THE FORM INSTRUCTION. |
| 14 | NOW, I UNDERSTAND YOU HAD SOME DISPUTES |
| 15 | OVER EXHIBITS -- PLAINTIFF'S EXHIBITS? |
| 16 | MR. SCARSI:  THAT'S CORRECT, YOUR HONOR. |
| 17 | THE COURT:  I HAVE THIS LIST.  WE'LL GET TO |
| 18 | THAT. |
| 19 | ANYTHING -- ANY OTHER ISSUES? |
| 20 | MR. SCARSI:  YES, YOUR HONOR.  WE HAVE TWO |
| 21 | MORE ISSUES.  WE WANTED TO RAISE WITH YOUR HONOR AN |
| 22 | ISSUE WITH RESPECT TO DAMAGES IN THIS CASE AND HOW IT |
| 23 | CAN BE ARGUED BASED ON THE EVIDENCE IN THE RECORD. |
| 24 | THE COURT:  YES. |
| 25 | MR. SCARSI:  AND WE ALSO HAVE AN ISSUE WITH |

| | |
|---|---|
| 1 | SOME OF THE DEMONSTRATIVES THAT ARE COMING UP WITH |
| 2 | MR. BLACKBURN WITH RESPECT TO THE COURT'S E-MAIL CLAIM |
| 3 | CONSTRUCTION. |
| 4 |     THE COURT:  OKAY.  WHAT ARE THE ISSUES ABOUT |
| 5 | ARGUMENT ON DAMAGES? |
| 6 |     MR. SCARSI:  YOUR HONOR, IF I MAY, MR. GASPAR |
| 7 | WILL ADDRESS THAT. |
| 8 |     MR. GASPAR:  WE THOUGHT YOUR HONOR HAD RULED |
| 9 | ALREADY THAT ARGUMENT ABOUT DAMAGES AT CLOSINGS WOULD |
| 10 | HAVE TO BE CONFINED TO THE EVIDENCE IN THE CASE.  AND |
| 11 | THERE'S BEEN EVIDENCE PRESENTED THAT A LUMP-SUM ROYALTY |
| 12 | OF $500,000 MAY BE APPROPRIATE IN THE EVENT OF |
| 13 | INFRINGEMENT.  THERE'S BEEN NO EVIDENCE BEYOND THAT OR |
| 14 | IN ADDITION TO THAT FROM WHICH A FACTFINDER COULD APPLY |
| 15 | THE REASONABLE-ROYALTY ANALYSIS THAT'S NOW PROVIDED IN |
| 16 | YOUR HONOR'S JURY INSTRUCTIONS.  SO WE DON'T SEE HOW |
| 17 | NETAIRUS COULD ARGUE BEYOND THE $500,000 LUMP SUM |
| 18 | THAT'S IN EVIDENCE. |
| 19 |     THE COURT:  OKAY. |
| 20 |     MR. GASPAR:  WE ASKED THEM SPECIFICALLY |
| 21 | YESTERDAY IF THEY INTENDED TO DO THAT.  THEY SAID THEY |
| 22 | DID.  AND THROUGH A COURT FILING LATE LAST NIGHT, WE |
| 23 | LEARNED THAT THEY IN FACT INTEND NOW TO OFFER, AT |
| 24 | CLOSING ARGUMENT, A BRAND NEW REASONABLE ROYALTY |
| 25 | THEORY, WHICH IS THAT $1 TO $2 PER I-PHONE IS AN |

| | |
|---|---|
| 1 | I THINK THEY SHOULD HAVE BEEN PRODUCED SOONER. |
| 2 | MR. GASPAR: THEY HAVE BEEN ON THE EXHIBIT |
| 3 | LIST FROM DAY 1, YOUR HONOR. |
| 4 | THE COURT: WELL, THEY WEREN'T -- I THINK THEY |
| 5 | SHOULD HAVE BEEN PART OF THE REPORT. |
| 6 | MR. GASPAR: AND JUST TO MAKE ONE LAST POINT, |
| 7 | YOUR HONOR. THIS POINT ABOUT PUBLIC USE THAT'S BEEN |
| 8 | RAISED BY OUR OPPONENT. IS COMPLETELY BESIDE THE |
| 9 | POINT. THE INTENTION IS -- |
| 10 | THE COURT: I'M NOT RELYING ON THAT. I'M |
| 11 | RELYING ON WHAT DID THE EXPERT'S REPORT SAY? WHAT DID |
| 12 | THE EXPERT ATTACH TO THE REPORT? WHAT, THEREFORE, |
| 13 | COULD HAVE BEEN APPROPRIATE FOR WHAT WAS -- WHAT NOTICE |
| 14 | WAS GIVEN TO THE OTHER SIDE AS TO WHERE, ON WHAT THEY |
| 15 | WANTED TO CROSS-EXAMINE, DO THEY WANT TO DETERMINE IF |
| 16 | THE PARTICULAR HANDSET THAT YOU HAVE IN MIND IS THE |
| 17 | HANDSET THAT'S IN THE REPORT. THAT'S WHAT I HAVE IN |
| 18 | MIND. |
| 19 | MR. GASPAR: AND THAT'S ALL THAT HE WILL BE |
| 20 | RELYING UPON, IS WHAT HE -- HE BASED HIS REPORT UPON |
| 21 | THE ARTICLES. |
| 22 | THE COURT: ANYTHING ELSE? |
| 23 | MR. DEAN NIRO: NO, YOUR HONOR. |
| 24 | THE COURT: MR. SCARSI? |
| 25 | MR. SCARSI: WE HAVE AN ISSUE WITH RESPECT TO |

```
1    WHAT WE UNDERSTAND MR. BLACKBURN WILL BE TESTIFYING TO.
2    WOULD YOUR HONOR LIKE TO HEAR THAT NOW OR WAIT UNTIL --
3              THE COURT:  LET'S WAIT BECAUSE WE'VE KEPT THE
4    JURY WAITING FOR 30 MINUTES.
5              I'LL ALSO NOTE THAT THE PLAINTIFF HAS
6    LODGED A REQUESTED FILING UNDER SEAL OF A LOT OF
7    DOCUMENTS, INCLUDING OFFERS OF PROOF.  I DON'T KNOW
8    WHAT THIS IS ABOUT.  I'VE RULED ON THAT.  THE BRIEFING
9    WAS DONE ON THAT.  WE'VE HAD A CLOSED ARGUMENT.  SO I
10   DON'T UNDERSTAND WHAT -- WHY NEW MATERIAL IS NOW BEING
11   PRESENTED.  WE'LL HEAR ABOUT THAT LATER.
12             LET'S GET THE JURY, PLEASE.
13        **(THE FOLLOWING PROCEEDINGS WERE HELD IN**
14      **OPEN COURT IN THE PRESENCE OF THE JURY:)**
15             THE CLERK:  ALL RISE.
16             THE COURT:  PLEASE BE SEATED.
17             GOOD MORNING, LADIES AND GENTLEMEN.
18   WELCOME BACK.  SORRY WE KEPT YOU WAITING.  WE'VE BEEN
19   WORKING.
20             DOES ANYONE HAVE THE ANSWER TO MY
21   QUESTION?
22             DID YOU DO YOUR HOMEWORK, ANYBODY?  YOU
23   DID.
24             JUROR:  VIRGINIA.
25             THE COURT:  OKAY.  THAT'S A GOOD ANSWER.
```